[No. 354.   January 14, 1889.]

## SOLON L. WILEY, APPELLANT, V. THE SAN PEDRO & CANON DEL AGUA COMPANY ET AL., APPELLEES.

CONTRACT—SUIT TO ENFORCE MECHANICS' LIEN—PROPOSAL—DEMURRER—PLEADING.—In a suit on a contract to enforce a mechanic's lien, a paper filed in the cause, purporting to be a contract of extension of the original contract, signed by the defendant and marked "accepted," but not signed by plaintiff, is not a contract, but a mere proposal; and will not, on demurrer, support an averment of a contract, unless an acceptance is pleaded.

APPEAL, from a judgment in favor of defendants, from the Second Judicial District Court, Bernalillo County. Judgment affirmed.

The facts are stated in the opinion of the court.

H. L. WARREN for appellant.

A mechanics' claim for lien against property lying partly in one county, and partly in another, may be filed for record in either county, and a verification by the attorney of the claimant is sufficient under the statute. Sec. 1524, Comp. Laws, N. M.; Phill. on Mech. Liens, sec. 366; Grey v. Vorlies, 15 N. Y. 612; Williams v. Webb, 2 Disney (Ohio), 430; Taswell v. Presbyterian Church, 46 Mo. 279; Whitenack v. Noe, 3 Stock. (N. J.) 321; Donaldson v. Wood, 22 Wend. 395; Donahoe v. Scott, 12 Pa. St. 45; Irew v. Gaskill, 10 Ind. 265, 266; State v. Ellison, 14 Id. 380. See, also, Elridge v. Steamboat, 27 Mo. 590; Thomas v. Henderson, 10 Ohio St. 152.

The claim of lien was filed in time. The express stipulation that appellant should resume the work under the contract "at once upon the expiration of

three months after being notified by the company so to do," implied the duty on the part of the company to notify appellant to resume the work, and no time being specified for such notification, the law implies a reasonable time. Add. on Con., secs. 320, 326.

The bill alleges, and the demurrer admits, that appellant, after July 14, 1892, the date of the stipulation, was at all times able and ready to resume and complete the work in accordance with the original contract, and that the company not only failed and refused to notify him to resume, but also to permit him to do so. By such failure and refusal on the part of the company to comply with its contract, appellant was legally empowered to terminate the contract after a reasonable time had elapsed. Bank of Columbia v. Patterson, 7 Cranch, 299; Cutter v. Powell, 2 Smith's Lead. Cas. 42; M. & M. Savings Bank v. Dashiell, 25 Gratt. 625; Bushfield v. Wheeler, 14 Allen (Mass.) 139; Smith v. Norris, 120 Mass. 58; Canal Co. v. Gordon, 6 Wall. 561; Denniston v. McAlister, 4 E. D. Smith (N. Y.) 729; Foley v. Gough, Id. 724.

The agreement being for appellant's benefit, even if his formal signature were held to be of the essence of the agreement, the law will presume it was affixed. Higham v. Stewart, 38 Mich. 513; Treat v. Treat, 35 Conn. 210.

If it be admitted that appellant's recorded claims of lien contains items for which no lien is given, such fact does not vitiate the lien as to the other items, no fraudulent intent being shown. Phill. Mech. Liens, secs. 355, 356; Bank v. Curtis, 18 Conn. 342; Smith v. Norris, 120 Mass. 63; Allen v. Frumat M. Co., 73 Mo. 688; Mason v. Germaine, 1 Mon. 263; Barber v. Reynolds, 44 Cal. 533; Whitney v. Joslin, 108 Mass. 103; Marston v. Kenyon, 44 Conn. 349.

The remedy is in equity. Hobbs v. Spiegelberg, 5 Pac. Rep. 529; Rupe v. N. M. Lumber Ass'n, 9 Id.

301; Finane et al. v. Las Vegas Hotel & Impt. Co., 5 id. 725.

The bill is not multifarious; the claim of interest in the property by the defendants other than the defendant company, makes them proper parties. 1 Danl. Ch. Pl. and Pr., sec. 190.

CHILDERS & FERGUSSON and CATRON, THORNTON & CLANCY for appellees.

### BRIEF OF MR. CHILDERS.

The demurrer to the bill of complaint was sustained, and the cause dismissed upon complainant's declining to amend. 1 Danl. Ch. Pl. and Pr., sec. 545.

The demurrer admits facts only that are well pleaded, and not conclusions of law.

The lien filed in Bernalillo county differs in the description of the Canon del Agua grant from that filed in Santa Fe county, and neither describes the land to be affected by the lien. Phill. on Mech. Liens, sec. 370.

The claim of lien is verified by the attorney, and states that affiant " verily believes it to be true." This is not sufficient. The claim should be verified by some one having a personal knowledge of the facts. Comp. Laws, sec. 1524; Arata et al. v. Tellurium Gold & Silver Mining Co., 4 Pac. Rep. 195; 65 Cal. 340; Elridge v. Steamboat, etc., 27 Mo. 590; Hamilton v. Steamboat Ironton, 19 Id. 523; Bridgeford v. Steamboat, 6 Mo. 357; Ex Parte Bank of Monroe, 7 Hill, 177; Dorman v. Crozier, 14 Kan. 227; Childs v. Bostwick, How. Pr. N. Y., cited in 14 U. S. Dig. U. S., p. 516, sec. 13.

The lien was filed before the completion of the contract, and more than ninety days after the last work was done, and is, therefore, void. Perry v. Brainard, 8 Pac. Rep. 882; Kinney v. Sherman, 28 Ill. 520; Phill. Mech. Liens, 132, 133, 137.

Appellant never completed his contract, and the extension of the time for its completion, having never been executed by him, was wholly inoperative. Ambler v. Whipple, 20 Wall. 546; Wood v. Edwards, 19 Johns. 206.

The contract being an entirety, no right to file a lien accrued until the completion of the contract. Harmon v. Ashmead, 60 Cal. 439; Cox v. W. P. R'y Co., 44 Id. 28.

Appellant's claim of lien does not contain a statement of his demands after deducting all just credits and offsets. The only credit shown is one item, and the charges are alike unitemized. Phill. Mech. Liens, sec. 350, and cases cited; Phelps v. M. C. C. H. Co., 49 Cal. 339; Wheeler v. Port Blakely Mill Co., 3 Pac. Rep. 635; Hoffman v. Wolt, 36 Mo. 613.

The claim of lien was filed prematurely. Denniston v. McAlister, 4 E. D. Smith, N. Y. 729; Freto v. Houghton, 55 N. H. 100; Phill. on Mech. Liens, secs. 322, 322a, 323, 323a, 328, 330; Kinney v. Sherman, 28 Ill. 520; Cox v. W. P. R'y Co., 44 Cal. 28.

Premature performance of an act required to be done within a given time after the happening of a prior event is nugatory. Comp. Laws, sec. 1524; Landale v. Daniels, 100 U. S. 113. See, also, Canal Co. v. Gerdon, 6 Wall. 361.

The lien does not separate the work on the San Pedro Co. grant from that on the Canon del Agua, and is, therefore, bad. Davis v. Alvord, 94 U. S. 545.

The contracts set up in the bill are as much a part of the bill as if fully set out therein in hoc verba; and if the bill erroneously alleges the legal effect of these contracts, the demurrer does not admit such an allegation, but only what is well pleaded. Dillon v. Barnard, 21 Wall. 430.

The pretended contract marked exhibit "B" provides that it shall not be operative until evidenced by

the signature of appellant, not that he might act upon it. He never having signed, it was not binding upon either party. Ambler v. Whipple, 20 Wall. 546; Wood v. Edwards, 19 Johns. 206.

The statutes require the notice of lien to state "the conditions of the contract," and for this failure the lien is fatally defective. Comp. Laws, N. M. 1524.

LONG, C. J.—Solon L. Wiley, the appellant in this court, filed in the court below his bill in chancery for an enforcement of an alleged mechanics' lien upon the property described in the bill for work done and materials furnished, amounting, as alleged, to $127,522.61. To this bill a demurrer was interposed, the same was sustained, and the cause dismissed. The action of the court in sustaining the demurrer is the only point necessary to be considered. The bill alleged that the defendant company entered into a contract in writing, dated April 21, 1880, a copy of which is made a part of the bill, whereby, among other things, it was agreed that plaintiff should construct for the company a system of waterworks, which should include two reservoirs on the Sandia mountains, in New Mexico, with a line of wrought-iron pipes from the reservoir to the company's works. The complainant avers that for this work, which is more fully described in the bill, he was to receive $400,000, to be paid in installments. Complainant avers that under such contract he entered upon its completion, performed, labored, and furnished materials, in all worth over $127,000, and that the work was discontinued on the twenty-fourth day of July, A. D. 1882. He avers, further, that no work was done after that date; and that on the twenty-second day of September, 1883, complainant filed for record, both with the county recorder of Santa Fe and also of Bernalillo county, a claim, which is fully described in the bill, to establish a mechanic's lien on the defend-

ant's real estate. Other averments are also made, but it is not necessary to give them, as the case must be determined upon a question which such averments in no way affect, except as they are further stated.

It will be observed that over one year intervened between the date when the last work was done under the contract and the date when the lien was filed. Section 1524 of the Compiled Laws requires that the claim and statement which constitute the lien shall be filed "within 60 days after the completion of the contract." So, if the contract either was completed at the date when the work was discontinued, or never was completed, in either case there could be no lien, because of the delay in filing the statement required by that section. The complainant in his bill seeks to obviate this objection to the validity of his lien upon the theory that a contract in writing was entered into by the plaintiff and the company, whereby the work was discontinued by such agreement, but was to be again resumed by the plaintiff after the expiration of ninety days from notice that the company desired him to renew the work; and by the averment that he never was so notified, though always ready, able, and willing to perform; and that after waiting a reasonable time for such notice he elected to treat the contract as performed, and filed his lien. The appellee contends, on the contrary, that the bill of complaint fails entirely to show that there ever was any contract whatever between the complainant and the company for such extension of time or for a suspension of the work. An examination of the averments of the bill on this point is necessary.

All the averments which relate to this point are as follows: "Your orator further states that by the terms of said contract said reservoir and waterworks were to be completed within six months from the date of said contract; and your orator entered upon said work,

and was then and there ready, willing, and able to perform and complete the same, in the time and manner required and specified in the said contract; and that, to wit, on July 14, A. D. 1882, your orator had completed a large portion of said work, and furnished a large part of the material required therefor, in pursuance of said contract, and was then and there ready, able, and willing to fully perform and complete the same; and that on said date said defendant company made, executed, and delivered to your orator a written agreement, a copy of which, marked 'B,' is filed herewith, and prayed to be considered as a part hereof, and thereby said company stipulated and agreed that your orator might and should postpone the completion of said contract; and that your orator should be, and thereby was, released from any right of action which might accrue to said company, and any damages by reason of such part postponement of said work under said contract; and it was thereby agreed that your orator should and would again enter upon the completion of said contract at once, upon the expiration of three months after being notified so to do; and your orator states that in pursuance of said last mentioned agreement, to wit, July 24, 1882, he did discontinue work upon and postponed the completion of said contract, and that from that time hitherto your orator has been at all times ready and willing to fully complete the said contract; but your orator avers the said defendant has wholly failed and neglected to notify or permit your orator to enter upon or complete said contract; and your orator further avers that on September 22, 1883, in consequence of the premises, and by reason of the said failure, neglect, and refusal on the part of the said defendant company to notify or permit your orator to enter upon and complete the portion of said work under said contract which remained unperformed, on said July 24, 1882, and a reasonable and sufficient time

therefor having then and there elapsed, your orator elected and determined to declare said contract ended and terminated, as he lawfully might; and your orator, September 22, 1883, and within 90 days after the completion of said contract on his part, did file for record," etc.

The writing to which reference is made in the foregoing averments is as follows:

"GREENFIELD, MASS., July 14, 1882.

"*S. L. Wiley, Esq.:*—The San Pedro and Canon del Agua Company consent to your postponing the present completion of its contract with you as to dams in the Sandia mountains, and pipe line from same to the company's placers, provided you agree that you will again enter upon the completion of the same at once, upon the expiration of three months after being notified by the company to do so. You are also released, provided this extension is entered into, from all rights of action which the company may obtain against you for any damage that may during any such discontinuance accrue to the said pipe line and dams by reason of your discontinuing work and care thereon and thereof; the rights of both the company and yourself being and remaining, to all intents and purposes, as though no discontinuance had been agreed upon. Your agreement hereto being evidenced by your signature. This agreement being in full force and effect from the date when said Burham was authorized to enter into such an extension.

(Signed)

"SAN PEDRO AND CANON DEL AGUA COMPANY,

"By WALTER BURHAM, Vice President.

"Accepted."

Although the word "accepted" is written on the paper called in the bill of complaint an "agreement,"

neither such word nor the paper is signed by Solon Wiley. His name does not anywhere appear on the paper, except as it is addressed to him. It is not averred in the bill that he in fact did accept it, or that the defendant company ever had the slightest knowledge or notice that he accepted the contract, or regarded himself in any mode under obligation to respect its provisions. It is fair to presume the defendant company, as it is alleged to be a corporation, was managed by a board of directors or trustees. It would appear, also, from the words, "This agreement being in full force and effect from the date when said Burham was authorized to enter into such extension," that such body had authorized the vice president to enter into a contract for extension; and, when accepted by Solon L. Wiley, that the beginning of the extension of time for completion was to relate back to the time when Burham was empowered to act. It would appear, also, that Wiley had asked an extension of time; as the paper says, "The company consent to your postponing," or, in effect, consent that you postpone, the completion of the contract. This is not an absolute, unconditioned consent to the extension of time, but one made on an expressed condition, written on the face of the paper, in these words: "Provided that you agree that you will again enter upon the completion of the same," etc. There is no averment that Wiley did so agree. There is nothing on the face of the paper to bind Wiley to any such act. As the extension was only on the condition of such an agreement on the part of Wiley, the paper should show such an agreement, or it should be averred that he did so agree. If Wiley had signed his name below the word "accepted," then the face of the paper would have been evidence of his acceptance of the condition, and of his agreement to perform, and would be a contract on the face of it. Suppose Wiley had been noti-

<span style="float:left">CONTRACT: bill to enforce: propos- al: pleading.</span>

fied to commence work, had declined to do so, and damage had resulted to the company, for which it had brought action, would this paper on its face have proven an obligation on Wiley to commence work? Certainly not, for the plain reason that Wiley's name is not signed to the contract, and so he does not bind himself to resume work. In such an action, to authorize a recovery, evidence outside the paper would be necessary to establish an agreement by Wiley to resume work on notice.

The averments treat this paper as on its face a contract mutually binding both parties, whereas it is only a proposition by the company, on its face not accepted by Wiley, and without acceptance averred in the bill. It is clear this paper was sent to Wiley, in answer to some proposition of his; that it was prepared ready for him to sign under the word "accepted." If he did so it does not appear in the exhibit, and it is not so pleaded in the bill, and for that reason the contract lacks mutuality, has but one party, and does not bind anyone on the face of the paper. When every line and word on the paper is inspected, it fails on its face to disclose that Solon Wiley is in any way bound by its terms. It may be that the complainant did in fact accept the conditions imposed, and did agree, upon being notified, to resume the performance of the original contract, but if so the paper does not bear evidence of either such acceptance or agreement; and that he did so agree should have been averred in the bill of complaint.

The complainant makes the paper a part of his bill, and assumes by his averments that it is on its face an agreement between the parties. He avers: "On said date said defendant company made, executed, and delivered to your orator a written agreement, a copy of which is filed," etc. Turning to the paper, it is found to be signed by one party only; that it recites a

condition nowhere appearing or alleged to be accepted or agreed to; and an agreement to perform the condition by Wiley is necessary, before the right of extension can become operative against the company.

A further recital in the paper renders the complainant's contention untenable. It is the following: "Your agreement hereto being evidenced by your signature." This signature is wanting. The company had the right to require that Wiley should sign the contract before it should become operative. Such signature is usual, and would, in case of contention or trouble, relieve the company of the necessity of proving, by other evidence, that Wiley had accepted the terms of the contract, and had agreed to renew the work on notice. The question here turning on the construction of a contract—the effect to be given to its words—it seems not necessary to cite authority. It is elementary that there must be mutuality, a meeting of the minds of the contracting parties, upon the terms of the agreement. There must be more than one joining to complete the contract. "Every contract is founded upon the mutual agreement of the parties." 1 Story, Cont., section 11. "In order to create a contract, it is essential that there should be a reciprocal assent to a certain and definite proposition. A mere offer, not assented to, constitutes no contract; for there must be not only a proposal, but an acceptance thereof. So long as a proposal is not acceded to it is binding upon neither party, and may be retracted." Id., sec. 378.

In this case there is no presumption against the defendant that it did accept. It was optional with the defendant company to do so or not. If the word "accepted," appearing at the bottom of the paper, was written by Wiley as an evidence that he did so accept, then his signature should be there also, or he should aver that he did accept. The mere appearance of the word on a paper, bearing the signature of the

defendant company only, does not convey the idea that it was placed there by Wiley as an act to bind him to the terms; especially when it is considered that the other contracting party says, in effect: "Your agreement is to be evidenced by your signature," apparently inserted as a precaution against doubt on that point.

In McDonald v. Bewick, 51 Mich. 79, the following contract was under consideration: "We agree to sell one million feet of Norway, in town 28 N., 8 E., on our lands, and will make a contract with him giving him the right to go on said lands, and cut and remove said timber on payment. The price of said Norway to be $1.50 per M., board measure." That court say that it is no "contract. There was no mutuality. It was the act alone of the defendants, and it was not supported by any duty or obligation of the plaintiff, and there was no averment of acceptance."

"The acceptance of an offer must be absolute and unqualified, for until there is such an acceptance the negotiations of the parties amount to nothing more than proposals and counter-proposals." 3 Am. and Eng. Encyclopedia of Law, 852. The paper addressed to Wiley is in the nature of a proposal to him, consenting to a postponement of the work on the condition and terms stated. He might be satisfied with the terms proposed, and willing to accept. He might desire longer notice; or to impose other terms, and, so long as the written offer is in that uncertain condition, we do not think it could amount to a contract, unless aided by averments which upon careful examination are not found in the bill of complaint. The judgment below is affirmed.

HENDERSON and REEVES, J.J., concur.