353 P.2d 355

**John C. CORNELL, Plaintiff-Appellee,**

**v.**

**Sam H. McKELVEY, Defendant-Appellant.**

**No. 6584.**

Supreme Court of New Mexico.

June 15, 1960.

Rehearing Denied July 13, 1960.

Harris & Cathey, Roswell, for appellant.

Wesley Quinn and Morris Stagner, Clovis, for appellee.

MOISE, Justice.

Under date of March 15, 1958, the plaintiff, a licensed general contractor in the state of New Mexico, having a contract to construct a high school at Cuba, New Mexico, and certain additions to the school at Dulce, New Mexico, entered into a written subcontract with the defendant to supply all mill work items according to the plans and specifications on the two school projects.

The contract had the following provisions relative to the time of performance of the contract:

"1. * * *

"(h) Time specified for completion of Subcontractor's work: According to Gen Contractors Schedule.

 *   *   *   *   *   *

"14. The Subcontractor agrees: That materials shall conform strictly to plans and specifications for structure; to furnish materials F.O.B. building site within time specified herein, with all necessary certificates and permits for installing and erecting same, and to install and erect same and complete said work within time specified, according to said plans and specifications and to satisfaction of architect and contractor; * * * and at all times to fully idemnify (sic) owner and contractor against any (and) all claims, suits, or actions arising or claimed to arise out of any act or omission of the subcontractor or of any subcontractor under him, or other person, in connection with the performance of the work to be performed hereunder, including any costs, attorneys fees, and incidental damage resulting therefrom.

 *   *   *   *   *   *

"24. Time is of essence of this contract agreement. The subcontractor understands that contractor must receive delivery of the goods purchased and progress and completion of the work to be performed in accordance with such time schedule as will permit the completion of the general contract for which such work is to (be) furnished within the time specified therein. Subcontractor agrees to notify contractor, in writing, of anticipated delays in the performance of the work and to state the cause of said delays. If contractor is so notified, then, should the cause be a condition upon which

the work permits extension of time in its current contract with the contractor (strikes, lockouts, acts of God, etc.), contractor will apply for such extension.

"25. If the subcontractor refuses or fails to prosecute the work hereunder, or any part thereof, with such diligence as to insure compliance within the time schedule specified herein, * * * the contractor, by written notice to the subcontractor, may terminate the subcontractor's right to proceed with the work hereunder and may take over the work and prosecute the same to completion by contract or otherwise, and the subcontractor and the sureties upon the subcontractor's bond shall be liable to the contractor for any excess cost occasioned the contractor thereby. * * *"

The general contractor's schedule was not attached.

After entering into the contract, the defendant did some of the work on the Dulce school, but although frequently urged to do so by plaintiff he did no work on the Cuba school job. Accordingly, on June 5, 1958, the plaintiff sent the following notice by certified mail:

"This letter is your notice that we have terminated your right to proceed with your millwork contracts for the Dulce School Additions and the Cuba High School.

"You have promised repeatedly to furnish this millwork, but to date you have made no effort to fulfill these promises. Since the progress of these jobs has been seriously delayed because of your failure to perform your contract and the fact that you have made no effort to perform are our reasons for termination.

"We intend to complete your contract and charge you with any extra costs according to paragraphs 15 and 25 of our subcontract agreement."

Thereupon plaintiff entered into a new contract with another for the completion of the work not done by defendant, at a cost to plaintiff of some $2,142.11 over and above what it would have cost under the contract with defendant.

To recover this amount suit was brought. Answer denying the material allegations of the complaint was filed by the defendant and the cause was tried to the court without a jury. After trial the answer was amended to conform to the proof. The court made certain findings and conclusions favorable to plaintiff and entered judgment for the amount prayed. From this judgment defendant prosecutes this appeal.

The real and only issue in the case is whether or not plaintiff established his right to recover as concluded by the court. The answer to this question depends upon whether or not plaintiff established by

proof in the case that defendant breached the contract and that plaintiff acted in accordance with the contract of the parties in terminating the contract.

The termination letter of June 5 places the right to terminate on the serious delay in the progress of the jobs resulting from defendant's failure to perform the contract and the further fact that defendant had assertedly "made no effort to perform." What was defendant's duty and plaintiff's right in this regard? To our minds, it was defendant's duty to complete the subcontractor's work "according to Gen. Contractor's Schedule" (Sec. 1(h); to "complete said work within time specified * * *" (Sec. 14); to perform the work so as not to interfere with contractor's duty to complete "the work to be performed in accordance with such time schedule as will permit the completion of the general contract * * * within the time specified therein" (Sec. 24); and if he failed or refused "to prosecute the work, * * * with such diligence as to insure compliance within the time schedule specified * * *" the contractor (plaintiff) was authorized and had the right to give written notice and terminate "the subcontractor's right to proceed" and could take over the work and complete it himself, the subcontractor becoming liable for any excess cost to the contractor (Sec. 25). That plaintiff was proceeding under the terms of the written contract and particularly Section 25 is

clear from the references in the notice of termination. Section 15 is not material to the controversy here, but did plaintiff establish his right under Section 25?

This right is clearly dependent on proof that defendant failed or refused to prosecute the work "with such diligence as to insure compliance *within the time schedule specified* * * *" in the contract. This time schedule was not attached to the contract, nor to the exhibit made a part of the complaint, nor was any offer made to prove what it was. Attempts to prove it by parol were seasonably objected to on the ground that the schedule itself was the best evidence, and the case was finally submitted without any proof as to what the schedule was.

This being a suit on a written contract with the right to recover being based upon an alleged breach, the proof failed in a material and vital respect when no showing was made concerning the completion date. The burden was on plaintiff to make such proof and without it there could be no determination that defendant had breached his contract and accordingly no conclusion of liability. Compare Wiley v. San Pedro & Canon del Agua Company, 5 N.M. 111, 20 P. 115; Cunningham v. Springer, 13 N.M. 259, 82 P. 232; Pillsbury v. Blumenthal, 58 N.M. 422, 272 P.2d 326.

For the reasons stated the cause will be reversed and remanded to the lower court with instructions to reinstate the

same on the docket of the court and enter an order of dismissal.

It is so ordered.

McGHEE, C. J., and CARMODY and CHAVEZ, JJ., concur.

COMPTON, J., dissenting.

COMPTON, Justice (dissenting).

If I understand appellate procedure correctly, judgments come here presumptively correct and are to be sustained if that can be done on any reasonable theory. From reading the evidence, I am firmly convinced that the trial judge never entertained a thought that completion time of the contract was material, or in any manner entered into the picture.

It was the subcontractor's persistent *refusal* and *failure* to *commence* the millwork on the Cuba project that constituted the breach. The complaint so alleges, and this was the issue. Appellant contended the reason he failed to commence the Cuba millwork was because appellee failed to pay certain sums allegedly due him. That was the issue, and the court found for appellee in that regard. It is axiomatic that failure to start the work would eliminate any question of completion date; completion date was not an issue.

Feeling that the majority opinion fetters away the discretion of the tribunal which had the situation before it, I dissent.