## Boil et al. *v.* Simms.

Set-Off.—*Tort.*—*Practice.*—*Motion to Strike Out.*—In an action for damages for the alleged wrongful seizure and conversion of personal property, an answer of set-off is not allowable, and, where it is so pleaded, it should be struck out on motion.

Same.—*Bill of Exceptions.*—*Supreme Court.*—*Mistake.*—Such motion, and the ruling of the court thereon, should be made part of the record, on appeal, by a bill of exceptions, or by order of court; but where such motion is overruled, and judgment is rendered for the defendant on his set-off, such

judgment will be reversed by the Supreme Court, even though by mistake such motion and ruling are not so made part of the record.

SAME.—A set-off is not, strictly speaking, a mere defence to the action to which it is pleaded, but is a cross-action against the plaintiff.

SAME.—*Set-Off Improperly Pleaded.—Demurrer.—Waiver.*—Where a set-off, stating a cause of action, is improperly pleaded to an action for tort, an objection that it can not be pleaded in such action can not be presented, under section 64 of the practice act, by any of the statutory causes of demurrer, and therefore a failure to demur is not a waiver of such objection.

SAME.—*Evidence.—Motion to Strike Out.*—Where a set-off is pleaded to a complaint for a tort, an objection to the admission of evidence in support of the set-off, and a motion to strike the same out, on the ground that it is incompetent, irrelevant, immaterial and supports no proper issue in the cause, should be sustained.

From the Hamilton Circuit Court.

*T. J. Kane* and *D. Moss*, for appellants.

*J. W. Evans* and *R. R. Stephenson*, for appellee.

HOWK, J.—In this action, the appellants, as plaintiffs, sued the appellee, as defendant, in the court below.

The appellants' complaint was in three paragraphs.

In the first paragraph the appellants, Lewis V. Boil, Milton L. Cox and Franklin Landers, traders in lumber, doing business in the name and style of Boil, Cox & Co., alleged, that, at Clinton county, Indiana, on the — day of April, 1874, the appellee, without leave and wrongfully, took from the appellants the following property, to wit: forty thousand feet of black walnut lumber, of the value of two thousand dollars, and had not since returned the same; whereby the appellants said they were damaged in the sum of two thousand dollars, for which, and for other proper relief, they demanded judgment.

In the second paragraph of their complaint, the appellants alleged, that they were the owners, and entitled to the possession, of forty thousand feet of black walnut lumber, consisting of sawed boards, differing in length, width and thickness, of the value of two thousand dollars, which the appellee, on or about the — day of April, 1874, at Clinton county, Indiana, unlawfully took, and then, without right, unlawfully detained in Hamilton

county, Indiana, to the appellants' damages in the sum of twenty-five hundred dollars.

In the third paragraph of their complaint the appellants alleged, that, on or about the — day of February, 1874, the appellants, by and through their agent, James M. Downing, purchased forty thousand feet of black walnut lumber, consisting of sawed boards differing in length, width and thickness, of the value of two thousand dollars, and stacked the same up in Clinton county, Indiana, and marked the same with the letters "B. & C.," the same being then and there the private trademark of the appellants, at the mill of Jones & Co.; that the appellee, without leave or license so to do from competent authority, seized and took said lumber away, and converted the same to his own use, to the appellants' damage in the sum of twenty-five hundred dollars; for which, and for all other proper relief, the appellants demanded judgment.

To this complaint the appellee answered in two paragraphs, in substance, as follows:

1st. A general denial.

"2d. And, for a second and further answer, the defendant says, that the plaintiffs are indebted to him in the sum of twenty-five hundred dollars, for goods had and received of the defendant by the plaintiffs, a bill of particulars of which is filed herewith and made a part hereof, and the defendant offers to set off any amount found due the plaintiffs, and demands judgment for the residue."

In the bill of particulars, filed with the second paragraph of the appellee's answer, the appellants are charged by the appellee, in 1873 and 1874:

"To 60,000 feet of black walnut lumber, at $35, $2,100."

The appellants replied, by a general denial, to the second paragraph of the appellee's answer.

The issues joined were tried by a jury, and under the direction of the court below the jury returned a special verdict, and also their answers to certain interrogatories

propounded to them by the court. It does not appear from the record, that either of the parties requested the court to direct the jury to give a special verdict, or to answer any interrogatories; but in both these respects the court below, of its own motion, directed the action of the jury.

The special verdict of the jury was as follows:

" We, the jury, find the facts in the above cause, specially, as follows:

" 1st. That the defendant is the owner of all the lumber mentioned in each paragraph of the complaint and in his set-off; that he purchased the logs out of which it was manufactured, and paid for the sawing thereof, and the title thereto has always remained in him ; and the plaintiffs have no title thereto or claim thereon, except by virtue of a certain pretended contract of sale made to them by one Johnson, who had no title to said lumber, or authority from the defendant to sell the same; that after the plaintiffs had entered into said contract with said Johnson, and had advanced him some $400 thereon, but before they had taken possession of any of the lumber hereinafter mentioned, said Johnson offered to refund to them all the money advanced as aforesaid, and one hundred and twenty-five dollars additional, provided they would release him from said contract, he, said Johnson, assigning as a reason for making said proposition, that the defendant Simms was claiming to be the owner of all the lumber so sold by him to the plaintiffs; that the plaintiffs refused to accept said proposition, unless Johnson would pay them money.

" 2d. We further find, from the evidence adduced, that the plaintiffs, under the contract made with said Johnson, in the manner, at the time and under the circumstances above found, without the knowledge or consent of the defendant, took possession of the lumber mentioned in the defendant's set-off, being thirty-five thousand feet of black walnut lumber, of the value of $35

per thousand feet, and of the total value of $1,225 dollars, and have sold and disposed of the same, and have failed to account to the defendant for any portion thereof, for which sum they are now justly indebted to the defendant, and he ought to recover of the plaintiffs, on his said set-off, the said sum of $1,225 dollars, and costs of this suit."

As a part of the finding of the jury, on the issues submitted to them for trial, we set out also the interrogatories propounded by the court, and the answers of the jury thereto, as follows:

" 1st.  Do you find for the defendant on the first paragraph of his answer?

" Answer.  Yes.

" 2d.  How much do you find for the defendant, on the second paragraph of his answer?

" Answer.  We do not find on said paragraph.

" 3d.  What amount, if any thing, do you find for the plaintiffs?

" Answer.  Not any thing.

" 4th.  Is it not true that the plaintiffs had no knowledge of the Simms' contract, at the time they bought the lumber of Johnson and McClosky?

" Answer.  No.

" 5th.  Did not the plaintiffs buy the lumber in controversy in good faith?

" Answer.  We think not.

" 6th.  Was the Simms' contract recorded at the time the plaintiffs bought the lumber of Johnson and McClosky? if so, where?

"Answer.  It was not."

The appellants' motion for a new trial was overruled, and to this decision they excepted, and their motion in arrest of judgment having also been overruled, and their exception saved to this ruling, the court below rendered judgment in favor of the appellee, and against the appellants, for the sum of one thousand two hundred and

Boil *et al. v.* Simms.

twenty dollars, and the costs of suit, from which judgment this appeal is now prosecuted.

In this court, the appellants have assigned, as errors, the following decisions of the court below :

1st. In overruling their motion to strike out the second paragraph of the appellee's answer;

2d. In overruling their motion for a new trial; and,

3d. In overruling their motion in arrest of judgment.

It can not be doubted, we think, that the court below erred, in overruling the appellants' motion to strike out the second paragraph of the appellee's answer. But this motion to strike out was not made a part of the record of this cause, either by a bill of exceptions or by an order of the court. It is very clear, that the second paragraph of the appellee's answer was improperly pleaded in this action, and that it was an error of the court to refuse to strike it out. The paragraph set up a matter of set-off, and nothing else, as a defence to the appellants' action. It is provided in section 57 of the practice act, that " The set-off shall be allowed only in actions for money demands upon contract." 2 R. S. 1876, p. 62. This was an action by the appellants, not for a money demand upon contract, but for the recovery of damages for the alleged seizure and wrongful conversion, by the appellee, of their personal property. In such an action, an answer of set-off was not an allowable defence. Clearly, it was the duty of the court below to strike out or reject the appellee's set-off in this case, but not having done so, and the appellants' motion to strike it out not having been made a part of the record, in either of the modes prescribed by law, the question for our consideration is this : Ought the judgment of a lower court to be upheld and affirmed, when it clearly appears, as it does in this case, that the only foundation for the judgment was a pleading which was not allowed by law, in the particular case ?

It seems to us, that, upon the general principles of law, under the provisions of the practice act, such a judgment

ought not to be affirmed, but, on the contrary, ought to be reversed by this court, even where, as in this case, the error complained of, through mistake or oversight, has not been properly saved, and is not properly presented, in the record of the cause.

A set-off, strictly speaking, is not a defence to the action in which it may be filed; it is simply a cross-action, and can only be interposed by a defendant, by the express authority of the statute. As a cross-action, the set-off must state facts sufficient to constitute, not a defence to the action in which it may be filed, but a cause of action against the party plaintiff in such action. If the set-off states a cause of action, the objection thereto, that it has been filed in an action in which a set-off is not allowed by law, can not be reached by any of the statutory causes of demurrer. Therefore, it seems to us, that it can not be correctly said, that the appellants have waived their objection to the appellee's set-off in this case, merely because their objection was not taken by demurrer. We think, that the provisions of section 64 of the practice act are applicable only to such answers as set up causes of defence to the cause of action sued upon, and not to answers by way of set-off, which do not question the sufficiency of the plaintiff's cause of action, but rely solely upon a cross-action to defeat or diminish the plaintiff's recovery. In other words, we think that an objection to an answer, by way of set-off, that it has been filed in an action where a set-off is not allowable, can not be reached by any of the statutory causes of demurrer; and, therefore, we hold, that such objection shall not be deemed to have been waived, merely because the objection has not been taken by demurrer. 2 R. S. 1876, p. 65.

It abundantly appears, in the record of this cause, that the appellants objected to the introduction of any and all evidence offered by the appellee, tending to sustain the set-off pleaded in the second paragraph of his answer, "for the reason that the same does not tend to support.

any proper issue in the case, that the same is irrelevant and immaterial, and for the reason that the set-off, pleaded by the defendant in his answer, is not a proper defence to the plaintiff's cause of action, and that no evidence should be permitted to be introduced in support of the same;" that these objections were each and all overruled by the court below, and the evidence admitted; and that to these decisions of the court the appellants, at the proper times, excepted.

· It also appears from the record, that, after the evidence was introduced, and before the jury retired to consider of their verdict, the appellants moved the court, in writing, "to strike out all the evidence herein tending to support the answer of set-off," setting out such evidence in their motion, "for the reason that said testimony is incompetent, irrelevant and immaterial, and that the same is not responsive to any legal issue," which motion was overruled by the court, and to this decision the appellants excepted.

These rulings and decisions of the court were made parts of the record by proper bills of exceptions, and were assigned as causes for a new trial, in the appellants' motion therefor.

It seems very clear to us, that the court below erred in the admission of the evidence objected to, in support of the appellee's set-off, and also in refusing to strike out the evidence thus admitted.

The appellee's counsel have attempted, in their argument of this cause in this court, to justify and sustain these decisions of the court below, upon the ground that the appellants, by their failure to demur to appellee's set-off, and by their joinder of issue thereon, had waived their objections to said answer of set-off, and could not thereafter successfully object to the admission of evidence in support of said set-off.

In our opinion, this position of counsel is not well taken, and can not be sustained. As we have seen, the

appellants' objection to the appellee's set-off was one which could not possibly be reached by any of the statutory causes of demurrer. It will not do to say, that an objection, which could not be reached or presented by a demurrer, is waived by a failure to demur. We think, that there was no such waiver by the appellants of the objection, that the set-off was improperly pleaded in this action, and, therefore, that they had the right to object to the introduction of any evidence offered by the appellee in support of his set-off, and to move the court to strike out any and all such evidence. The decisions of the court below, in regard to such evidence, were errors of law occurring at the trial, duly excepted to at the time, and were properly assigned by the appellants as causes for a new trial, in their motion therefor. In conclusion, we hold, for the reasons given, that the court below erred, in overruling the appellants' motion for a new trial.

The judgment is reversed, at the appellee's costs, and the cause is remanded for a new trial.