No. 7474.

### HUSTON, ADMINISTRATOR, *v.* VAIL ET AL.

PAYMENT.—*Pleading.—Mortgage.—Foreclosure.—Practice.—Harmless Error.*— After the commencement of a suit to foreclose a mortgage the plaintiff died, and his administrator became the plaintiff and prosecuted the suit. The defendant then pleaded payment "to the *plaintiff* before the commencement of the suit."

*Held,* that, though the plea was technically bad, there was no available error in overruling a demurrer to it.

SAME.—*Set-Off.—Contract.—Judgment.*—An answer alleged that the defendant had made a payment, of a sum specified, upon a judgment formerly held by the plaintiff against him, which judgment had become dormant; that the plaintiff agreed with the defendant that if the latter would allow the judgment to be revived without the application of said payment, then, upon a specified condition alleged to have been performed, the plaintiff would apply the amount of such payment upon any other indebtedness of the defendant to the plaintiff. It was not alleged that the judgment was revived as agreed, nor that the amount of the payment had not been applied on other claims or indebtedness.

*Held,* that the answer was bad.

SUPREME COURT.—*Questions Considered.*—When the Supreme Court finds a question in the record upon which it reverses the judgment, and there are other questions not likely again to arise in the court below, they need not be considered.

SAME.—*Cross Errors.*—Where the appellant obtains a reversal in the Supreme Court, cross errors raising questions upon rulings subsequent to that upon which the reversal is granted, and not likely again to arise in the cause, need not be.considered.

From the Cass Circuit Court.

*M. S. Robinson, J. W. Lovett, D. C. Justice* and *H. C. Thornton*, for appellant.

*D. Turpie, H. D. Pierce, D. P. Baldwin* and *D. D. Dykeman*, for appellees.

NIBLACK, J.—This action was commenced in the Pulaski Circuit Court by William Huston, as surviving partner of the firm of James and William Huston, against John B. Vail and Mary A. Vail, his wife, to foreclose a mortgage on certain lands in Pulaski county. Deloss Root, a junior mortgagee, was afterwards made a defendant upon his own application. A trial in the Pulaski Circuit Court resulted in a judgment for the defendants, which was afterwards reversed by this court. *Huston* v. *Vail*, 51 Ind. 299. After the cause was remanded, its venue was changed to the Cass Circuit Court, where the death of William Huston was suggested, and James N. Huston, the appellant here, as the administrator of his estate, became the plaintiff, in whose name, as such plaintiff, the subsequent proceedings have been conducted.

An amended complaint was thereupon filed, alleging that on the 23d day of March, 1857, the defendants John B. Vail and Mary A. Vail, together with one Joshua Bates and his wife and one Edward H. Neil and his wife, conveyed by mortgage the lands described in the original complaint, to the said James and William Huston, to secure the payment of a note for $3,210, executed to the Hustons by the firm of Bates, Neil & Vail; that Bates and Neil subsequently conveyed their interest in these lands to one Benjamin F. Vail, who, with the defendants John B. Vail and wife, afterwards conveyed the same to one Sarah A. Vail; that the said Sarah A. Vail, by her last will, thereafter devised said lands to the defendant Mary A. Vail; that the said Sarah A. Vail, Bates and wife, and Neil and wife, were then all dead; that the defendant Deloss Root held a mortgage on the same lands junior to the one executed to the Hustons, and that the note remained unpaid.

To this complaint seven paragraphs of answer were filed.

The first paragraph was by Vail and wife jointly, and averred payment to the plaintiff before the commencement of the suit.

The second paragraph was the separate answer of John B. Vail by way of set-off, and averred that on the 14th day of March, 1866, the Hustons, then in life, held a certain judgment in the Madison Circuit Court against Bates, Neil & Vail, and on that day John B. Vail "paid to the said James and William Huston in solvent promissory notes $3,198.76, which were then accepted by said James and William Huston as a payment on said decree, and who thereupon executed to the said John B. Vail a receipt, of which the following is a copy:

"'JAMES AND WM. HUSTON *v.* BATES, NEIL & VAIL.

"'Decree of foreclosure in the Madison Circuit Court, March term, 1860.    For $7,470.

"'Received of John B. Vail the sum of three thousand one hundred and ninety-eight dollars and seventy-six cents, on account of the amount yet due upon said decree, the interest upon the same (having been paid) having been previously paid as per receipts heretofore given.

"'March 14th, 1866.

"'$3,198.76.                          J. AND W. HUSTON.'

"And defendant further says that afterward, on the 21st day of April, 1871, the said Hustons agreed with the said defendant John B. Vail, that if he would agree and consent that said decree of foreclosure referred to in the said receipt should be revived—the same having at the time become dormant—and an execution or order of sale should be ordered to issue thereon by said court for the collection of the full amount of said decree, without deducting the credit specified in said receipt, and would pay ten per cent. interest per annum upon the amount of said decree from the date thereof, they would extend the time of payment of said decree for such length of time as would enable the said defendant John B. Vail to pay off, first, certain other large claims against him and the estate of Sarah A. Vail, deceased, to wit: Three mortgage notes

executed by Sarah A. Vail, deceased, and endorsed by John B. Vail, said notes bearing ten per cent. interest from date, amounting to about the sum of $15,000, and then the said decree at the rate of $1,000 every ninety days, by which agreement the said John B. Vail would have had the time of about eight years to pay the amount of said decree, and that, in case the said John B. Vail did not have to take the benefit of such time in making payments of said decree or other mortgage claims, then he, the said Vail, was to be allowed credit for the amount of said receipt on any other indebtedness due from him or Bates, Neil & Vail or Sarah A. Vail's estate to said Hustons; and the said defendants say that the said Vail did not have or take the benefit of said length of time in making said payments, but that afterward, on the 12th of February, 1873, and long before the expiration of the time allowed for the payment of said decree and said other claims against the estate of Sarah A. Vail and John B. Vail, the said John B. Vail and Mary A. Vail paid the same in full with ten per cent. interest per annum from the date of said decree, and at the same time paid all of said other claims or most of note against the estate of Sarah A. Vail and John B. Vail; and defendant further says that at the time of the execution of said receipt the said defendant, John B. Vail, had assumed the entire payment of the debt for which this suit was brought, as said Hustons at the time well knew, they agreeing and consenting thereto; wherefore defendant says that he has and holds a claim against the said plaintiff for the amount of said receipt, with ten per cent. interest thereon from its date, and he offers to set off against whatever sum may be due the plaintiff an amount equal thereto, and demands judgment for the residue, to wit, $2,000."

The third paragraph was also the separate answer of John B. Vail, and averred that the amount paid on the decree of the Madison Circuit Court, for which the receipt set out in the second paragraph was given, was paid as usurious interest for the extension of time on said decree, and offered to

set off the amount so paid, with interest, against the demand of the plaintiff.

The fourth paragraph was likewise the separate answer of John B. Vail, and averred that the amount paid by him on the decree of the Madison Circuit Court, as specified in the receipt set up in the second paragraph, was, by mutual mistake, omitted in the final settlement of, and the entry of satisfaction upon, that decree, and that, in consequence, he did not receive credit for the amount so paid by him on said decree, offering to set off the amount of the receipt, with interest, against the claim of the plaintiff.

The fifth paragraph was, also, the separate answer of John B. Vail. It averred that the said Vail had sold and delivered to the Hustons two promissory notes amounting to the aggregate sum of $4,000, for which they had never accounted, and offered to set off the amount of those notes, with interest, against whatever sum might be found due to the plaintiff.

The sixth paragraph was in general denial of the complaint by both Vail and wife. The seventh paragraph was a joint answer of set-off by Vail and wife, averring that the plaintiff had received the sum of $6,000 for the use of said defendants.

The plaintiff demurred separately to the several special paragraphs of answer, but his demurrer was overruled as to all the paragraphs to which it was addressed. He then replied in denial of all the paragraphs except the sixth, and specially to the second, third, fourth, fifth and seventh paragraphs.

The defendant Root filed a cross complaint setting up his junior mortgage, to which the plaintiff answered in general denial. This latter mortgage was dated the 12th day of March, 1874, and was given to secure a note for $800.

A jury, to which the cause was submitted for trial, returned a verdict for the defendants, and that there was due to Root on his mortgage the sum of $1,187.25. Upon this verdict there was a general judgment for the defendants, and a decree of foreclosure in favor of Root for the amount found due upon his mortgage.

In its natural order the first question presented by the appellant arises upon the alleged insufficiency of the first paragraph of the answer.

The objection urged to that paragraph is that it averred payment to the plaintiff before the commencement of the suit, when the record shows that the plaintiff had no connection with or interest in the subject-matter in controversy until some considerable time after the suit was instituted. Technically considered, the objection is well taken; but the repugnancy complained of constituted a merely verbal and readily amendable inaccuracy, for which the judgment ought not to be reversed.

In its like order, the second question presented by the appellant arises upon his objections to the sufficiency of the second paragraph of the answer.

The objections made by the appellant to that paragraph are that it did not aver that the decree of the Madison Circuit Court was revived in accordance with the agreement set up by it, and that the amount of the receipt was not in any manner credited upon that decree; also, that it did not aver that the amount represented by the receipt had not been applied upon some other indebtedness against the defendant John B. Vail, or against Bates, Neil & Vail, or against the estate of Sarah A. Vail, in favor of the Hustons.

These objections are also well taken, and are of a much more serious character than the one urged to the first paragraph. The receipt set out and relied upon as the foundation of the claim for a set-off purported only to afford evidence of a payment on the Madison Circuit Court decree, and to give it any other effect it was necessary to aver, as well as to prove, extraneous facts inconsistent with the fair import of the words it contained. It was evidently upon that theory that the paragraph of answer in question was interposed as a defence.

To give the receipt an effect different from that which its language implied, a special and particular agreement with the Hustons was affirmatively pleaded. To make that agreement

effectual for the purpose for which it was pleaded, it was necessary to show, not only that it had been consummated, but that it had been consummated in such a way as to leave the Hustons indebted to the appellee Vail for the amount, or some part of it, for which the receipt was executed.   To constitute an indebtedness by the Hustons to Vail under the alleged agreement it was essentially material that the amount represented by the receipt had not been already applied on the decree named in the receipt, or on some other indebtedness to the Hustons, for which Vail was in some manner responsible.

An answer setting up a claim by way of set-off must, as a general rule, contain all the substantial averments necessary to make a good complaint against the plaintiff, and must, as to its sufficiency, be considered more in the nature of a complaint. *Boil* v. *Simms*, 60 Ind. 162 ; *Curran* v. *Curran*, 40 Ind. 473. Our conclusion is that the second paragraph of the answer was materially defective, and that the demurrer to it ought to have been sustained.

Many other questions are discussed by counsel, but as, for the reasons already given, the judgment will have to be reversed, and as the cause will probably stand for trial hereafter by the court, in the exercise of its chancery jurisdiction, without the assistance of a jury, under the provisions of the Revised Statutes of 1881, sec. 409, most, if not all, of these other questions are not likely to again arise, and need not be now considered.

Numerous cross errors are assigned, but they, and the argument submitted upon them, raise questions only upon the proceedings subsequent to the rulings upon demurrer to the several special paragraphs of the answer, questions which may not, and probably will not, arise upon another trial.

We see no error in the judgment of foreclosure upon the mortgage set up in Root's cross complaint, and consequently the judgment ought to be affirmed, so far as it relates to the foreclosure of that mortgage, but this conclusion must not be construed as entitling Root's mortgage to any priority over

the mortgage sued on by the appellant in the event that at some subsequent trial it may be established that the appellant is entitled to a decree of foreclosure of the latter mortgage.

The judgment is affirmed as to Root, and reversed as to the appellees John B. Vail and Mary A. Vail, at their costs, and cause remanded for further proceedings as to them.

Opinion filed at the November term, 1881.

Petition for a rehearing overruled at the May term, 1882.