Johnson *et al. v.* Tyler *et al.*

## No. 175.

## JOHNSON ET AL. *v.* TYLER ET AL.

SET-OFF.—*Sufficiency of Pleading.*—A set-off is a cross-action, and must contain all the substantial averments necessary to make a good complaint, and must, as to its sufficiency, be considered in the nature of a complaint. It must be alleged that the demand is due and unpaid.

NEW TRIAL.—*Juror Having Tried Issue Involved.*—If a juror misleads a party by answering on his *voir dire* that he has neither formed nor expressed an opinion on the issues involved in the cause, and he has previously been a juror in a cause involving the same issue, it is sufficient cause to entitle such party to a new trial because of his misconduct, if the party has not been negligent in making the inquiry, and has no knowledge of the facts of the issue having been once tried by the juror. In such an instance the juror need not have tried all the issues involved, but if he tried any one of them it is sufficient to render him unfit to sit as a juror in the second case.

EVIDENCE.—*Set-Off and Payment under General Denial.*—Evidence of set-off or payment can not be introduced under the general denial.

From the Warren Circuit Court.

*J. McCabe* and *E. F. McCabe,* for appellants.

*J. W. Sutton,* for appellees.

ROBINSON, J.—The appellants were the plaintiffs below, and commenced this action against the appellee Hiram B. Tyler, on an account which had been assigned to them by the appellee George C. Tyler, who was made a party defendant to answer as to any interest he may have had in said account.

The appellee Hiram B. Tyler answered in two paragraphs: *First.* General denial. *Second.* Set-off.

The appellants demurred to the second paragraph of appellee's answer, which was overruled, and excepted to. Appellants then replied by general denial.

The cause was tried by a jury, resulting in a verdict and judgment for the appellee. Appellants made a motion for a new trial which was overruled, and excepted to.

The errors assigned call in question the rulings on the demurrer and the motion for a new trial.

The appellants contend that the court erred in overruling the demurrer to the second paragraph of the appellee's answer. This answer was a cross-action in the nature of a set-off, alleging that before the commencement of this suit, and before the assignment of the account sued on, the assignor, George C. Tyler, was indebted to the appellee in the sum of $2,-315.10, paid out for the use and benefit of said George C. Tyler, all at his special instance and request, a bill of particulars of which was filed with the answer, marked " Exhibit A," and made part thereof. Wherefore said defendant offers to set off said sum herein, and for all proper relief. These were all the allegations contained therein. There was no allegation directly or indirectly that the demand set up was due and unpaid, and there was no àverments therein from which such fact could be inferred. As has frequently been held by the Supreme Court, a set-off, strictly speaking, is not a defence in the action in which it is filed, but is a cross-action and must contain all the substantial averments necessary to make a good complaint, and must, as to its sufficiency, be considered in the nature of a complaint. The set-off, as here plead, was insufficient, and was, as such, materially defective, and the demurrer to it ought to have been sustained. *Goodman* v. *Gordon*, 87 Ind. 126 ; *Huston* v. *Vail*, 84 Ind. 262 ; *Kennedy* v. *Richardson*, 70 Ind. 524 ; *Boil* v. *Simms*, 60 Ind. 162 ; *Curran* v. *Curran*, 40 Ind. 473.

Among the causes assigned in the motion for a new trial was the following, to wit : Misconduct of the jury, in this, that one of the jurors, Charles Pitcher, served as a juror in the case of Hamilton *vs.* Tyler *et al.*, in which the same issue was tried and the same evidence was heard as in this case, but notwithstanding said juror answered, when being examined as to his competency as a juror, that he had not formed or expressed any opinion on the merits of this case, and did not at any time during the progress of the trial an-

nounce to the court or the parties that he had been a juror in said former trial; that said plaintiffs and their counsel were wholly ignorant of the fact that said Pitcher had been a juror on said former trial, and did not learn the same until after said verdict was returned, which is shown by the affidavits filed marked exhibits A, B, C, and D.

This cause of the motion for a new trial is supported by the affidavit of Edwin F. McCabe, attorney for the appellants, and by the affidavits of George W. Johnson, Miles Stany and William L. Hamilton, the appellants.

Mr. McCabe states in his affidavit that he was the sole counsel in said cause; that J. McCabe, his partner, who appears of record as counsel, was not present at said trial nor at the trial hereinafter mentioned; that on the trial of the above named cause, Charles Pitcher was called to sit on the jury, and on being examined as to his competency as a juror in said cause, answered that he had not formed or expressed any opinion relating to the merits of said cause and knew nothing about the case, though the nature of the case was fully stated to him at the time, and affiant says said Charles Pitcher had been a juror on the trial of a cause between one. William L. Hamilton and said Hiram Tyler wherein the main question involved was whether the deed of said George C. Tyler and wife to said Hiram Tyler was intended as a mortgage or an absolute and unconditional conveyance of the land described therein, and said Pitcher had formed and expressed his opinion on said question and had heard all the evidence on said question which was introduced upon the trial of the above entitled cause, of all of which affiant was wholly ignorant and unaware until long after said trial was completed, to wit, on January 17, 1889.

The appellants, in their affidavits, corroborate the statements in the affidavit of Mr. McCabe, and say that on the trial of the cause between William L. Hamilton and said Hiram Tyler, in March, 1888, the issue raised and tried by the evidence in said cause was whether or not the

deed from George C. Tyler and wife to said Hiram Tyler, which was read in evidence in this cause, was a mortgage or a conveyance absolutely of title, and that the same evidence was introduced on said former trial relating to said issue as was introduced on the trial of this cause, and said juror answered, on being examined as to his competency in this cause, that he had not formed or expressed an opinion relating to the merits of said cause, when, in fact, said juror had formed and expressed an opinion upon said issue above named, of all of which facts the affiants were wholly ignorant before and during the trial of this cause, and did not learn said facts until after the trial of this cause, to wit, on January 17, 1889, when said facts were first communicated to said affiants, and that said juror did not, during the trial of said cause, communicate to the court or to the parties to said cause that he had been such juror on said former trial, the same issue as was tried in this cause.

There were no counter-affidavits filed, therefore the statements contained in those filed are not denied or contested, but stand in the record without any explanation whatever. It appears from the evidence in the case that the question whether the instrument purporting upon its face to be a deed from George C. Tyler and wife to Hiram Tyler was not in fact a mortgage, and so intended when executed, was a material and important question in the case. It seems that this was one of the main facts, and had a controlling influence in the determination of the issue involved. The affidavits clearly show " that the nature of the case was fully stated to the juror at the time ; " that he had formed and expressed an opinion upon the merits, and had served upon a jury in which the same issue was involved, yet in the face of these facts, upon the *voir dire* examination, answered, " that he had not formed or expressed any opinion relating to the merits of said cause." These facts, taken in connection with the other unchallenged facts contained in the affidavits, certainly do not impute fault or negligence to the ap-

pellants in the examination of this juror as to his competency to serve in this cause.

" In the examination of a juror upon his *voir dire,* if the general questions asked fairly arouses his attention and directs it to the information desired, it is enough without specific questions covering minute phases of the subject, and it is the duty of the juror to make full and truthful answers, neither falsely stating any fact nor concealing any material matter within the general scope of the question, and any violation of this rule is such misconduct as is prejudicial to the party."

The right of the party was to know whether the juror had formed or expressed an opinion relating to the merits of the case, and this opinion need not extend to all of the issues in the case, but to any one or all of such issues. The examination of this juror as to his competency was broad enough to direct his attention to the information desired. It was his duty to make truthful answers to the questions propounded and to make no concealment, as the affidavits plainly make it appear was done.

The right of trial by jury guarantees to litigants in the selection of jurors that they shall be impartial and disinterested men, without prejudice, bias, or interest in the case, and to this end a juror must not have formed or expressed an opinion relating to the merits of the cause ; and where such facts appear these careful provisions of the law for securing a fair and impartial trial by jury treat such facts as misconduct, for which the verdict should be set aside, and a new trial granted. To adopt any other rule, especially when it plainly appears that the party complaining had been misled by the answer of the juror, and was not chargeable with fault or negligence, would be to make a trial by jury a mere farce, and not dependent upon the merits of the case ; but upon the bias, prejudice or interest of the jury. But this principle is so plain and well established, and the authorities are so abundant, it is useless to further discuss the question,

but only to cite the following cases, with the many authorities they refer to : *Pearcy* v. *Michigan Mut. Life Ins. Co.,* 111 Ind. 59 ; *Rice* v. *State,* 16 Ind. 298 ; *Block* v. *State,* 100 Ind. 357 ; *Lamphier* v. *State,* 70 Ind. 317 ; *Hudspeth* v. *Herston,* 64 Ind. 133.

The appellants contend that the trial court erred in admitting in evidence, on the trial of the cause, the amount paid by the appellee on a judgment of William L. Johnson against himself for principal, costs and for attorney's fees, in an unsuccessful defence of that suit, and for costs and attorney's fees paid by appellee in a certain replevin suit instituted by him against the sheriff on corn raised on the land in controversy. Appellee insists that under the general denial " it was competent to introduce evidence of any character that would tend in any way to defeat the appellants' claim." While that, as an abstract proposition, may be true, there is no rule of practice permitting evidence under the general denial that should be pleaded in payment or set-off; there was no answer of payment in the case, and the items that were proved by this evidence were not contained in the set-off, there was no answer in the case under which this evidence was admissible. The burden was upon the appellee as to these items, and he could not, without special answer, be permitted to prove them upon the trial.

For these reasons this case should be reversed, and is, therefore, reversed, with instructions to grant a new trial and to proceed in accordance with this opinion, at costs of appellees.

Filed May 13, 1891.