Howlett *v.* Dilts.

Filed Feb. 19, 1892.

------◆------

No. 502.

## HOWLETT *v.* DILTS.

SET-OFF.— *When Proper.*—*Tort.*—*Contract.*—Where paragraphs of a complaint are based upon money demands on contract, and there is also a paragraph claiming damages because of a tort, the defendant has a right to address his answer of set-off to either of the paragraphs based upon contract, but he could not plead his set-off to the paragraph founded on tort, nor to the entire complaint, for that includes the paragraph in tort.

SAME.—*Practice.*—*When Can not be Reached by Demurrer.*—*Motion When Proper.*—If an answer by way of set-off is filed in an action in which a set-off is not allowed by law, an objection thereto can not be reached by

the statutory causes of demurrer. If the set-off states a good cause of action, and yet can not be allowed in the case in which it is pleaded, the proper practice is to move to strike it out.

SAME.—*Sufficiency.—How Tested.*—The sufficiency of a set-off is tested by the same rules as those used in complaints.

HUSBAND AND WIFE.—*Real Estate.—Deed.—Wife's Interest in Husband's Lands.—Conveyance of During Coverture.*—The wife, during coverture, has no interest in her husband's real estate which she can convey by separate deed, but she has an interest which she may release by joining with her husband in a conveyance.

INSTRUCTION TO JURY.—*When Erroneous.*—It is not error to refuse to give an instruction which should not be given in the terms asked.

SAME.—*Evidence.—Preponderance of.—Error.*—An instruction which gives the jury to understand, or which is liable to give the jury to understand, that the preponderance of the evidence is to be determined by the number of witnesses testifying on each side of the case, is erroneous.

From the Pulaski Circuit Court.

B. *Borders* and F. L. *Dukes*, for appellant.

J. C. *Nye*, for appellee.

NEW, J.—The appellant was the plaintiff below. His complaint is in three paragraphs. The following are the material facts as stated in the first paragraph : In January, 1883, the appellee agreed with the appellant to procure a purchaser for one hundred and sixty acres of land belonging to the appellant at the best price obtainable, the price to be agreed upon by the appellant and appellee, and for such sale the latter was to be paid by the former five per cent. of the purchase price. Pursuant to said agreement, the appellee, in February, 1888, sold said land to Carl Sayler for $950, whereupon the appellant and wife conveyed the land to Sayler. The appellee received the purchase-money from Sayler, and has paid to the appellant thereof $500, but has refused to pay him any part of the remainder, and has converted the same to his own use, to the appellant's damage of $450.

The second paragraph differs from the first, in this : It alleges a sale of the land to Sayler for $950, who paid $200 in cash, and executed without authority from the appellant

Howlett v. Dilts.

his notes to the appellee for the residue of the purchase-price, as follows : $250 due in sixty days, and three notes of $166.66 each, bearing interest at six per cent. from date, due in one, two and three years from date, respectively, secured by a mortgage executed by Sayler on said real estate. The appellee has paid the appellant $500 of the said $950, but refuses to pay him any more. Wherefore, etc.

The third paragraph in its introductory averments is the same as the first and second. It then charges that in 1887 the appellee, as the agent of the appellant to sell said land, represented to him that he had found a purchaser for the land, and could get for the same notes on a third party to the amount of $800 ; that the appellee could use the notes, and would give the appellant $500 in cash for the same, and pay such encumbrances as were against the land; that the appellant then lived in Minneapolis, Minnesota, and the appellee lived in Pulaski county, Indiana ; that the appellant had no means of learning the truth of said representations, but believed and relied on them as true ; that while so relying he agreed with the appellee to exchange said land for said notes, and to sell said notes to the appellee for $500 cash; that for the purpose of carrying out said agreement appellant and wife executed a deed to said land, the grantee's name being omitted, and thereupon the appellee paid the appellant $500, the latter relying upon and believing the said representations of the appellee to be true ; that said representations were not true, but were false and fraudulent, and made for the purpose of deceiving and cheating the appellant out of the price of said land ; that the appellee did not sell said land for $800, nor did he exchange the same for notes on a third party for the amount of $800 ; that the land was sold by the appellee for $950 to Carl Sayler, and the name of said Sayler inserted in said deed as grantee ; that the appellee then caused said deed to be delivered to said Sayler, and received from the latter $200 in cash, one note for $250, due in sixty days from date, three notes of $166.66 each, due

in one, two and three years from date, respectively, all bearing six per cent. interest, and secured by mortgage on said land, executed by said Sayler; that the appellee caused said notes and mortgage to be executed to himself, converted the same to his own use, and refuses to account to the appellant for the same, or the proceeds thereof, to the damage of the latter $500.

The appellee's answer to the complaint is in two paragraphs, the first of which is a general denial. The other paragraph is by way of set-off, alleging that the appellant is indebted to him on account for money paid at his special instance and request, which is due and unpaid, as follows:

For deed for land sold Carl Sayler . . . . $150
Interest on same . . . . . . . . . . . . . 27
Taxes paid on said land . . . . . . . . . 40

Total . . . . . . . . . . . . . . . . $217

To this paragraph of answer a demurrer was filed specifying the following grounds of objection, to wit: That it does not state facts sufficient to constitute a defence to the plaintiff's complaint; that it does not state facts sufficient to constitute a set-off to the plaintiff's complaint; and that it does not state facts sufficient to constitute a cause of action against the plaintiff.

The first and second paragraphs of the complaint are money demands upon contract, and the third a claim for damages because of tort. The answer of set-off is addressed to the entire complaint. The appellant having joined in his complaint separate paragraphs of action on contract and tort, the appellee would have the right to plead his answer of set-off to either of the paragraphs of the complaint founded upon contract, but he could not plead the set-off to the paragraph of complaint founded upon tort, and not to the entire complaint, for that includes the paragraph on tort. *Indianapolis, etc., R. R. Co.* v. *Ballard*, 22 Ind. 448; *Collins* v. *Groseclose*, 40 Ind. 414; *Allen* v. *Randolph*, 48 Ind. 496;

*Harris* v. *Rivers*, 53 Ind. 216 ; *Ross* v. *Faust*, 54 Ind. 471 ; *Frout* v. *Hardin*, 56 Ind. 165 ; *Zeigelmueller* v. *Seamer*, 63 Ind. 488 ; *Richey* v. *Bly*, 115 Ind. 232 ; *Lake Shore, etc., R. W. Co.* v. *Van Auken*, 1 Ind. App. 492.

In *Boil* v. *Simms*, 60 Ind. 162, the court said : "A set-off, strictly speaking, is not a defence to the action in which it may be filed ; it is simply a cross-action, and can only be interposed by a defendant, by the express authority of the statute. As a cross-action, the set-off must state facts sufficient to constitute, not a defence to the action in which it may be filed, but a cause of action against the party plaintiff in such action. If the set-off states a cause of action, the objection thereto, that it has been filed in an action in which a set-off is not allowed by law, can not be reached by any of the statutory causes of demurrer."

In *Kennedy* v. *Richardson*, 70 Ind. 524, it was said : "A set-off, strictly speaking, is not a defence to the action in which it may be filed. It is simply a cross-action ; and as such it must state facts sufficient to constitute, not a defence to the action in which it may be filed, but a cause of action against the opposite party." See also *Huston* v. *Vail*, 84 Ind. 262 ; *Wills* v. *Browning*, 96 Ind. 149.

In *Blount* v. *Rick*, 107 Ind. 238, it was said that a plea of set-off must be substantially the same as a complaint, and is to be tested by the same rules and methods. See also *Ewing* v. *Patterson*, 35 Ind. 326 ; *Shoemaker* v. *Smith*, 74 Ind. 71.

Following the case of *Boil* v. *Simms, supra,* we must hold that, inasmuch as the set-off does state a cause of action against the plaintiff, the question of the appellee's right to interpose his set-off in this action—which is the real question involved and discussed by counsel—was not properly raised by the demurrer filed to the answer of set-off, and therefore it can not be said that the court erred in refusing to sustain the demurrer.

The second specification of error assigned by the appel-

lant is that the answer of set-off does not state facts suffi-
cient to constitute a cause of action against the plaintiff.

If the statutory provision allowing the sufficiency of a
complaint for want of facts to be questioned for the first
time by assignment of error in this court, will embrace a
set-off, the reasoning of the court in *Boil* v. *Simms, supra,*
would apply to such assignment of error as well as to the
one already considered.

In *Boil* v. *Simms, supra,* it is in effect held that where the
set-off states a cause of action, and yet can not be allowed
in the particular case where it is pleaded, the proper prac-
tice would be to move to strike it out; and also that the
question could be saved by objections properly made upon
the offer and introduction of evidence under the set-off.

In the case at bar the appellant did not move to strike out
the plea of set-off, nor did he make any objection to the evi-
dence introduced thereunder by the appellee.

Among the grounds assigned for a new trial and discussed
by counsel for the appellant is the refusal of the court to
give instruction numbered seven, asked by the appellant, and
the giving of instructions numbered two, four and five asked
by the appellee.

It appears from the evidence that the land conveyed by
the appellant to Sayler was at one time owned by James N.
Applegate, who conveyed it to Edmund H. Applegate, the
appellant's grantor.  James N. Applegate at the time of his
conveyance was a married man, but his wife did not join
with him in said conveyance.  For the purpose of perfect-
ing Sayler's title to said land, the appellee testified that he
caused a quitclaim deed to be executed by the wife of James
N. Applegate to John P. Priest, who conveyed to Sayler.
The sum of $150 named in the set-off was paid by the ap-
pellee to the wife of James N. Applegate for her said quit-
claim deed, her husband being alive but not joining with her
in said deed.

Instruction numbered seven, asked by the appellant, was properly refused.

It does not say that the wife, during coverture, has no interest in her husband's real estate which she by her separate deed can convey, and stop at that, but further declares that a married woman has no interest whatever in the lands of her husband until after his death.

During coverture the wife has no interest in her husband's real estate which she by her separate deed can convey, but she does have an interest which she may release, by joining with her husband in the conveyance. And the release thus by the wife may be a valuable consideration. *Hollowell* v. *Simonson*, 21 Ind. 398; *Brown* v. *Rawlings*, 72 Ind. 505; *Jarboe* v. *Severin*, 85 Ind. 496; *Wright* v. *Jones*, 105 Ind. 17; *Green* v. *Groves*, 109 Ind. 519; *Worley* v. *Sipe*, 111 Ind. 238.

It is not error to refuse an instruction which should not be given in the terms prayed. *Lawrenceburgh, etc., R. R. Co.* v. *Montgomery*, 7 Ind. 474; *Roots* v. *Tyner*, 10 Ind. 87; *Lake Erie, etc., R. W. Co.* v. *Fix*, 88 Ind. 381; *Goodwin* v. *State*, 96 Ind. 550.

Instructions four and five were not erroneous. They stated the law correctly upon the hypothesis therein set out. If in that connection the appellant desired further or more elaborate instructions, he should have prepared and requested the giving of them.

We think, however, that the appellant does have just reason to complain of instruction two, given by the court at the request of the appellee.

That instruction, among other things, contained the following: "I instruct you that the burden of proof as to the material allegations of the plaintiff's complaint rests upon the plaintiff, for in such cases the burden is always on the party holding the affirmative. Any matters asserted by one party and denied by the other can only be proven in law by a preponderance of the evidence. In this case if you find

Howlett *v.* Dilts.

from the evidence that the plaintiff has proven the material allegations of his complaint by only one witness, and that such allegations have been denied by one witness of equal credibility and means of knowledge, then I instruct you as a matter of law that such allegations in the complaint have not been proven, unless in the minds of the jury there have been facts or circumstances proven, corroborating the plaintiff's witnesses, sufficiently to outweigh the testimony on the part of the defendant."

It is true that the burden is on him who affirms, not on him who denies, but it is not true that when the plaintiff has proven the material allegations of his complaint by only one witness, and such allegations have been denied by one witness of equal credibility and means of knowledge, the plaintiff has failed necessarily to make out his case upon the evidence thus given. Both witnesses may be of equal credibility and possess equal means of information, and yet differ greatly in the amount of information imparted to the court or jury trying the case. Although of equal credibility and means of knowledge, the testimony of one witness may be more clear, consistent and convincing than the testimony of another. The tendency of this instruction was to give the jury to understand that the preponderance of the evidence in all cases is to be determined by the number of witnesses testifying on each side.

If the jury acted upon that theory, it is easy to see how this instruction may have been harmful to the appellant. We can not say that it was not harmful; the probability is that it was.

The judgment is reversed, with costs.

Filed Feb. 19, 1892.