Michelet v. Cole, 20 N. M. 357.

[No. 1741, May 19, 1915.]
## MICHELET v. COLE.

### SYLLABUS BY THE COURT.

1. The general rule is that no right of way, which has been used during the unity of possession, will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right de novo.

P. 361

2. An objection to a complaint, or a cross-complaint, that it does not state facts sufficient to constitute a cause of action is good only when there is a total failure to allege some matter which is essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite, or statements of conclusions of law or fact.

P. 364

3. If a counterclaim is filed in an action which states facts sufficient to constitute a cause of action, but the cause of action stated cannot properly be pleaded as a counterclaim, an objection thereto cannot properly be reached by a general demurrer for want of sufficient facts. The proper practice is to move to strike it out.

P. 364

Appeal from Disrict Court, Chaves County; G. A. Richardson, Judge.

Action by Jacques Michelet against C. W. Cole. From judgment for plaintiff, defendant appeals. Reversed, with directions.

WILLIAM C. REID and JAMES M. HERVEY of Roswell, for appellant.

The grant of the fee included a grant of the right of way.

Broom's Legal Maxims, 310; Wash. Real Prop. (6th Ed.), sec. 1231; Id., sec. 1234.

Cole acquired a way of necessity whether the same was expressly granted or not.

14 Cyc. 1174.

The fraud consisted in the vendor attemptting to take away from the vendee land which the latter was put in possession of by the representations of the vendor that it was the land which he was to get under the deed.

Blair v. Wait, 69 N. Y. 113; Manufacturers & T. Bank v. Hazard, 30 N. Y. 226; Barnard v. Campbell, 55 N. Y. 456; Galbraith v. Lunsford, 1 L. R. A. 522; Dickerson v. Colgrove, 100 U. S. 578; 5 Cyc. 937.

JAMES M. DYE and CLIFTON MATHEWS of Roswell, for appellee.

Appellant attempts to establish his right by an implied grant on the one hand as well as by prescription on the other hand.

Such an easement cannot arise by implication.

14 Cyc. 1173; Doe v. King, 50 Atl. (Vt.) 1109; Hall v. Austin, 48 S. W. (Tex.) 53.

The way of necessity is derived from the law and depends solely upon the situation and boundaries of the land as they existed at the time of the conveyance.

14 Cyc. 1174.

The necessity must not be created by the party claiming the right.

14 Cyc. 1175.

The so called cross complaint is a counterclaim, since the adoption of the code provides for no pleading named a cross complaint.

Agua Pura Co. v. Las Vegas, 60 Pac. (N. M.) 208.

The counterclaim is not a proper one when tested by the provisions of the code.

See Subsections 40 et seq., sec. 2685, C. L. 1897.

Michelet v. Cole, 20 N. M. 357.

## STATEMENT OF FACTS.

On the 29th day of October, 1909, appellee owned and had title to all that part of the S. E. 1/4 of section 34 lying north of the center of the channel of the Felix river, in township 13 south, range 26 East, in Chaves county, N. M. On the date just mentioned, he sold to appellant the N. E. 1/4 of the S. E. 1/4, and all that part of the S. E. 1/4 of the S. E. 1/4 of said section lying north of the center of the Felix river. Plaintiff retained and still owns the W. 1/2 of the S. E. 1/4 of said section. Appellant went into possession, not only of the land described in his deed from appellee, but also of a narrow strip of ground lying immediately west thereof, the same being a part of the tract retained by appellee. It is over this strip that the present litigation arises. Appellee states two causes of action in his complaint. The first is to quiet his title to the strip of ground in controversy. The second is by way of ejectment to recover the possession of the strip and damages in the sum of $400 on account of defendant having withheld such possession from him since January 1, 1912. In his answer appellant concedes that the strip of land in question lies west of the true boundary line between the tract described in his deed from appellee and the tract retained by appellee, as above stated. But he sets up as an affirmative defense that appellee, when selling him this land, pointed out to him as its true western boundary a certain fence running north and south along the western edge of the strip now in dispute, and that appellee is now estopped from setting up the true boundary between the land which he retained and that which he sold to the defendant. He also filed a cross-complaint in counterclaim in two counts, in the first of which he repeated the facts alleged in his answer, and asked that his title to the strip of land in question be quieted and for a decree awarding him possession of the land and damages for its detention by appellant. From this judgment appellant appeals.

### OPINION OF THE COURT.

ROBERTS, C. J. (after stating the facts as above.)—
The action of the court in sustaining the demurrer to the
second count of the counterclaim forms the basis of appellant's first assignment of error. In this count, after
setting forth the preliminary facts, showing his purchase
of certain lands from appellee, which said land formed a
part of a larger tract owned by appellee, it was alleged in
paragraphs 2 and 3:

"(2) That said tract of land was a part of a
larger tract of land at the time of conveyance
thereof, as aforesaid, owned by plaintiff; that on
said tract of land there was situated a dwelling
house, and from said dwelling house there was,
as defendant is informed and believes, a road
or right of way leading from said house to the
public and legally established highway, which
said road has existed for more than 20 years
next preceding the filing of the complaint here
in.

"(3) That at the time of said purchase, there
was no other means of ingress and egress to said
land, purchased as aforesaid, except over said
road or right of way, which said road in part ex-
tended over the remaining land of the grantor;
that such road is a necessity to defendant, and
has been a necessity to defendant ever since his
purchase of said described land."

While the fourth paragraph showed that the claimed
"way of necessity" passed over the strip of ground, the
title to which appellee sought to quiet in himself, and
other lands owned by appellee, and the fifth paragraph
alleged that appellee was attempting to fence up the said
claimed outlet, and the prayer was for an injunction and
a decree establishing appellant's right to a "way of ne-
cessity" over appellee's lands, the sufficiency of the facts
set forth to constitute a cause of action depends upon the
allegations contained in the second and third paragraphs,
above set forth.

Michelet v. Cole, 20 N. M. 357.

Appellant contends that the facts alleged in the second paragraph are sufficient to show that there had been a right of way over the lands of the appellee, Michelet, for 20 years, leading to the house on the particular 60 acres purchased by him from appellee; that this was a valuable appurtenant to said tract of land so purchased by him, and that such right of way passed by the deed to him, because of the recital in the deed, following the description of the real estate conveyed, "together with all and singular the hereditaments and appurtenances thereto belonging." It is not clear whether appellee bases his claim under this paragraph upon a prescriptive right, or upon the ground that, inasmuch as the way was in existence and apparent at the time of the making of the deed, it passed as incident and appurtenant to the land conveyed, by force and operation of the terms employed in the deed. Upon either theory, however, the facts are insufficient. Certainly, appellee owning both tracts of land, it could not be contended successfully that he could establish a prescriptive right against himself. Not a single element of a prescriptive right is alleged.

[1] A party cannot have an easement in his own land, as all the uses of an easement are fully comprehended and embraced in his general right of ownership. The facts alleged show that appellee, prior to the sale to appellant, owned the land, for which the easement was claimed and sought to be established. Just how long prior to the sale appellee was invested with the title to both tracts is not apparent, but that is wholly immaterial, for if it be conceded that at one time the 60-acre tract purchased by appellant was owned by some one other than appellee and separate and apart from the other lands owned by appellee, and over which it was sought to establish the easement, it does not appear that at the time of the sale to appellant, appellee owned both tracts of land. This being true, if it be conceded that an easement over appellee's land existed at one time, the right would cease when appellee became invested with the title to both parcels of land. As was said by the New Jersey Court of Errors and

Appeals in the case of Fetters v. Humphreys, 19 N. J. Eq. 471:

"A way comes within the description of a non-apparent easement. If existent before the seisin of the two tenements is united in the same person, it is extinguished by such unity of seisin; and, whether it was a pre-existent right of way, or is a way opened by the owner and used by him, for the convenient occupation and enjoyment of the premises, it has no legal existence during the continuance of the unity of seisin, and upon the severance of the tenements does not pass unless it is a way of necessity, or the operative words of the conveyance are sufficient to grant it de novo. 11 Vin. Abr. 446, 449, Extinguishment, C; Worthington v. Gimson, 2 El. & El. 616; Pearson v. Spencer, 1 Best & S. 571; Dodd v. Burchell, 1 Hurlst & Colt, 113; Stuyvesant v. Woodruff, 21 N. J. Law, 133 [57 Am. Dec. 156]; Grant v. Chase, 17 Mass, 443 [9 Am. Dec. 161]."

The general rule is, to which we know of no exception, that no right in a way, which has been used during the unity of possession, will pass upon the severance of the tenements, unless proper terms are employed in the conveyance to show an intention to create the right de novo. Pearson v. Spencer, 1 B. & S. 571; Oliver v. Hook, 47 Md. 301. In the case of May v. Smith, 3 Mackey (14 D. C.) 55, the court said:

"The only words in the deed to Minnick that could possibly be relied on to convey the right of way in question are: 'All and every the rights, privileges, appurtenances and advantages to the same belonging, or in any wise appertaining.' If there was a way belonging to the estate, as a pre-existing easement, such way would pass by force of these terms, or even without the use of them; but such terms, used in a conveyance of part of a tract of land, as in this case, will not create a new easement, nor give a right to use a

way which has been used with one part of the land over another part, while both parts belonged to the same owner, and constituted an entire estate. A party cannot have an easement in his own land, as all the uses of an easement are fully comprehended and embraced in his general right of ownership. Whally v. Thompson, 1 Bos. & Pul. 371; Gayetty v. Bethune, 14 Mass. 49 [7 Am. Dec. 188]; Grant v. Chase, 17 Mass. 442 [9 Am. Dec. 161]; Pheysey v. Vicary, 16 M. & W. 483; Worthington v. Gimson, 2 El. & El. 624; Thompson v. Waterlow, L. Rep. 6 Eq. Cas. 36. If apt and appropriate terms had been used in the deed, such as, 'with the ways now used,' or 'used with the land hereby conveyed,' they would have passed the right to such ways as had been actually used in connection with the part granted, not, however, as existing easements, but those terms would have operated to create new easements for the benefit of the estate granted. Washb. on Eas. (3d Ed.) 59."

Other cases to the same effect are Parsons v. Johnson et al., 68 N. Y. 62 [23 Am. Rep. 149]; Morgan v. Meuth, 60 Mich. 238, 27 N. W. 509. And see note to Elliott v. Rhett, 57 Am. Dec. 766, where many other cases will be found collected.

In the third paragraph appellant attempts to plead facts showing his right to the road as a way of necessity. While the pleading it not to be commended, and would have been subject to a motion to make more definite and certain, still we believe it was sufficient to withstand a general demurrer, for want of sufficient facts. It is alleged that, at the time of the purchase:

"There was no other means of ingress and egress to said land, purchased as aforesaid, except over said road or right of way. * * * That such road is a necessity to defendant and has been a necessity to defendant ever since his purchase of said described land."

Appellee contends that the foregoing are only legal conclusions, but, assuming this to be true, the pleading does allege in a general way that there was no other means of ingress and egress to the lands in question except over the marked roadway, at the time of appellant's purchase, and that such road is a necessity to defendant and has been ever since his said purchase. That it is a necessity is, of course, the ultimate fact to be established, depending necessarily upon certain primary facts, and, whether the allegations be treated as a conclusion of law, or a conclusion of fact, it was sufficient to withstand a general demurrer.

[2, 3] An objection to a complaint, or a cross-complaist, that it does not state facts sufficient to constitute a cause of action is good only when there is a total failure to allege some matter which is essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite, or statements of conclusions of law or fact. Union Street Railway Co. v. Stone, 54 Kan. 83, 37 Pac. 1012; Lambe v. McCormick, 116 Iowa, 169, 89 N. W. 241; Harris v. Halverson, 23 Wash. 779, 63 Pac. 549; Roberts v. Pendleton, 92 Kan. 847, 142 Pac. 289.

In the case of Bennett v. U. S. Land, Title & Legacy Co., 141 Pac. 717, the Supreme Court of Arizona said:

"Yet on demurrer the court should not pay any attention to forms if it can find in the com plaint any allegation which, under any view of them, may give the plaintiff the right to recover."

Pomeroy, in his book on Code Remedies (4th Ed.) § 443, states the rule as follows:

"The true doctrine to be gathered from all the cases is that if the substantial facts which constitute a cause of action are stated in a complaint or petition, or can be inferred by reasonable intendment from the matters which are set forth, although the allegations of these facts are imperfect, incomplete, and defective, such insufficiency pertaining, however, to the form rather

than to the substance, the proper mode of correction is not by demurrer, nor by excluding evidence at the trial, but by a motion before the trial to make the averments more definite and certain by amendment. * * * Thus, if instead of alleging the issuable facts the pleader should state the evidence of such facts, or even a portion only thereof, unless the omission was so extensive that no cause of action at all was indicated, or if he should aver conclusions of law, in place of fact, the resulting insufficiency and imperfection would pertain to the form rather than to the substance, and the mode of correction would be by a motion, and not by a demurrer."

Appellee contends that the owner of the lands, over which a way of necessity is to pass, has the right to determine its location, subject to the restriction that the way located must be reasonably convenient, and that appellant has failed to allege that he ever applied to appellee to designate a way, and therefore the cross-bill is defective because of this failure to so allege. The rule stated is correct, but here appellant alleges that the particular route designated is a necessity, thereby impliedly saying that there could be no other way which would accomplish the purpose.

It is further argued that the facts set forth in appellant's second cause of counterclaim cannot be pleaded properly as such in this case because such facts do not arise out of the contract or transaction set forth in the complaint, and is not in any manner connected with the subject of action. It appears, only inferentially possibly, that the claimed way passed over a portion of the three-acre tract to which appellee was seeking to quiet his title, as against the appellant. If it does so, certainly appellant would be entitled to set up his claim thereto, and thereby prevent appellee from recovering an unqualified judgment against him. But this question is not involved here, because not raised by the demurrer. If a counterclaim is filed in an action which states facts sufficient to constitute a cause of action, but the cause of

action stated cannot properly be pleaded as a counterclaim, an objection thereto cannot be reached by a general demurrer for want of sufficient facts. The proper practice is to move to strike it out. In the case of Howlett v. Dilts, 4 Ind. App. 23, 30 N. E. 313, the court said:

"Following the case of Boil v. Simms, supra, 60 Ind. 162, we must hold that, inasmuch as the set-off does state a cause of action against the plaintiff, the question of the appellee's right to interpose his set-off in this action—which is the real question involved and discussed by counsel —was not properly raised by the demurrer filed to the answer of set-off, and therefore it cannot be said that the court erred in refusing to sustain the demurrer."

From the foregoing it follows that the demurrer to the second count of the counterclaim should have been overruled. This being true, it is unnecessary for us to pass upon the question, as to the sufficiency of the evidence to sustain the findings and judgment of the trial court upon the issue tried, because, if appellant's counterclaim could be established, he would be entitled to a roadway across the disputed strip, his right to which is foreclosed by the judgment entered, quieting appellee's title thereto and awarding him possession of the land, without reservation.

For the reasons stated the judgment of the lower court is reversed, with directions to overrule the demurrer to the second count of the counterclaim, and to award appellant a new trial; and it is so ordered.

HANNA and PARKER, J.J., concur.