[No. 1657, August 27, 1914.]

W. M. McCOY and J. P. DUNLAVY, doing Business as partners, under the firm name of W. M. McCOY & COMPANY, Appellants, vs. TORRANCE COUNTY SAVINGS BANK, a corporation, Appellee, and JULIUS MEYER, Sheriff of Torrance County, State of New Mexico.

### SYLLABUS BY THE COURT.

1. When plaintiff's right of action depends upon a condition precedent, he must allege in his complaint the fulfillment of such condition, or a legal excuse for its non-fulfilment. In default of such allegations, it is no error for the court to render judgment against him on motion for judgment on the pleadings.

P. 427

2. Upon the dissolution of an injunction, a court of equity

has no power to assess damages resulting from the issuance of the same, without hearing evidence as to the character and extent of the damages actually sustained.

P. 427

Appeal from District Court, Torrance County; Edward L. Medler, Presiding Judge. Affirmed.

HARRY S. BOWMAN, MELVIN T. DUNLAVY, for appellants.

General principles concerning granting of relief in such cases. 90 Ind. 346, 198; 112 Ind. 221; 152 U. S. 596; Spelling on Injunction & Ex. Leg. Rem. Vol. 1, 2 Ed., Secs. 83, 84; 22, Cyc. 848; 23 Md. 471; Joyce on Injunctions, Sec. 689, 690; 12 Mich. 297; 59 Md. 313; 12 B. Mon. 426; 26 Miss. 314; 44 Ia. 179.

Sustaining of defendant's motion for judgment on pleadings improper. 180 U. S. 28; 17 Minn. 372; 31 Cyc. 606; supra; 53 L. R. A. 438; Abbott's Trial Brief, Vol. 11, p. 1249; 81 Fed. 524; 95 Cal. 471; 48 Cal. 46; 79 Mo. App. 578; 48 Neb. 152; 191 Pa. St. 59; 9 Pac. 129; 72 Pac. 960; 83 Pac. 932; 85 Pac. 531; 90 Pac. 1099; 89 Pac. 648; 7 Okla. 277; Sutherland Code Pl. & Pr., Vol. 1, p 933, Secs. 1452, 1453; 17 S. W. 285; 144 Fed. 717; 79 N. E. 26.

Cause should have been heard upon merits. 84 S. W. 443; 79 Ill. App. 384; 57 N. C. 17; 5 Wheat. 313; 22 Cyc. 952; 10 Ala. 776; 6 How. Pr. 184; 45 Miss. 183; 83 Va. 659; 113 Ala. 239.

Construction of agreement. 153 U. S. 564; Page on Contracts, Vol. 111, p 2248; 162 U. S. p. 180; 1 Pet. 455, p. 465; 19 How. 224; 128 U. S. 590; Page on Contracts, Secs. 1462, 1463; 223 Ill. 616; 26 R. I. 295.

Restraint by injunction. Spelling on Injunc., Sec. 508, p. 433; L. R. 10. Chap. 440; 40 Ga. 206; 12 Wall 86; 66 N. W. 851; 127 Ind. 327; High on Injunc. Sec. 196, p. 194, Vol. 1; 47 N. H. 507; 9 Pac. 129; 10 Ala. 776; 4 Johns. Chap. 22; 23 Cyc. 1028-h, 1029.

Contract providing for appraisement. 25 R. I. 92; 146 Fed. Rep. 8; 5 N. Y. Chan. Rep. 411; 18 Ill. App. 293; 76 Miss. 524; 3 Mo. App. 429; 15 A. & E. Ann. Cas. 508; 5 De G. M. & G. 880; 17 Ves. 232; 19 Ves. 429; 5 H. L. Cas. 811; 34 U. S. 327; 9 L. R. A. 501; 15 Mo. App. 532; 56 Cal. 307; 114 Mich. 310; 37 Pac. 70; 5 L. R. A. 270.

Damages on dissolution of injunction. Joyce on Injunc. Secs. 211-a, 177-a; Id. Vol. 1, Secs. 175, 176, 176-a; Spelling on Injunc. Vol. 1. Secs. 960; 957; 10 Enc. P. & P., p. 1115; 22 Cyc. 1004; High on Injunc., Vol. 11, 4th Ed., Sec. 1657; 12 How. 166; 32 Minn. 277; 120 U. S. 206; 4 Ark. 21; 18 Ill. 309; 31 Ark. 217; 94 Ala. 429; 41 Ia. 264; Sutherland on Dam., Vol. 11, Sec. 523; 8 Col. 185; 64 N. Y. 326; 82 Mo. 349; 112 Ga. 610; 86 Ia. 117.

Mode of assessment. 64 Am. Dec. 739; 129 N. Y. 280; 32 Minn. 277.

Damages- evidence. Joyce on Injunc. Vol. 1, Sec. 266-B; 65 N. C. 588; 54 Barb. 271; 85 Ill. 349; 54 Ill. 210; Sutherland Code P. & P. Sec. 3009; 41 Ia. 264; 64 Cal. 472.

Injunction rightful when issued, but dissolved on grounds accruing since issuance. 22 Cyc. 1005-33; 5 T. B. Mon. (Ky.) 259; 4 Bibb. 433.

McGINNIS & HEDGECOCK, for appellee, Bank.

Court did not err in construing contract. 41 N. E. 115; U. S. Rep. 17 L. Ed. 762; 82 Ala. 302; 39 Pac. 705; 70 Ill. 527; 149 Mass. 284; 110 Mass. 141; 120 Mass. 141; U. S. Rep. 22 L. Ed. 161; 58 N. E. 712; 133 Pac. 400; 9 Cyc. 629; 7 Gray 139; 48 Pac. St. 300; 69 U. S. 728.

Court did not err in assessing damages upon disolution of injunction. High on Injunc., Sec. 1657; 120 U. S. 206; 55 Atl. 899; 185 N. Y. 408; 147 Fed. 76; 38 S. E. 940; 97 N. E. 911; 97 N. W. 354; 90 Pac. 324; 184 Fed. 54; 60 Mo. 544; 2 Tenn. Ch. 356; 51 Fed. 107; 33 Vt. 486; Kerr on Injunc. Sec. 224; 3 Ccam. 365; 4 Ohio St. 502; 5 Mich. 436; 30 N. Y. 166; 105 U. S. 433; 12 How. 179; 15 Fed. 575; 90 Pac. 324; 11 Biss (U. S.) 40; 31

Fed. 138; 51 C. A. 418; 98 Fed. 508; 32 C. C. A. 556; 184 U. S. 497; 55 Atl. 899; 120 U. S. 206; 16 Pac. 855.

## STATEMENT OF FACTS.

On January 25, 1912, the appellee took judgment against the appellants, and Benjamin B. Spencer and Sarah E. Spencer, in an action to foreclose a mortgage made by the said Spencers to appellants, and endorsed to appellee, said judgment being taken in pursuance of the following stipulation:

"Memoranda agreement between the Torrance County Savings Bank and W. M. McCoy & Company relative to judgment entered this day in cause No. 225, Torrance County:

1.  In the event of a deficiency judgment, in said cause, which W. M. McCoy may have to pay, said company is to be allowed two per cent discount on entire sum on which attorney's fee is computed in judgment.

2.  Extension of time of payment to W. M. McCoy & Company of one year from this date on any deficiency they may have to pay at ten per cent interest, said sum to be secured by such security as H. B. Jones and McCoy & Company may agree upon.

3.  Bank is to exhaust all property of B. B. Spencer and wife, subject to execution before issuing execution against W. M. McCoy & Co., for any deficiency judgment.

4.  Bank agrees to co-operate with W. M. McCoy & Co. in bringing Spencer and wife into court on supplementary proceedings. McCoy & Co. to take initiative in any such proceeding and pay all expenses of same.

5.  As soon as said deficiency judgment is ascertained then security is to be given by W. M. McCoy & Co. to said Bank as above provided.

(Signed)    C. E. McGinnis, Atty.
(Signed)    W. M. McCoy & Co.
by J. P. Dunlavy."

Thereafter the property mortgaged having been duly sold there was a deficiency judgment, and the appellants and H. B. Jones having failed to agree upon the security

for the payment of such judgment, the appellee, without waiting for the termination of the year specified, had execution issue against the appellants and placed the same in the hands of the Sheriff. To prevent the levy of this execution appellants obtained a temporary injunction, which was afterwards dissolved on the motion of appellee for judgment on the pleadings, and in the same action the court, without hearing any evidence, rendered judgment against the appellants for damages occasioned by the issuance of said injunction. The appeal from the dissolution of this injunction by the lower court, and from the judgment for damages so rendered, is now before us for consideration.

### OPINION.

LEIB, D. J.—(After stating the above facts). Two questions are all that need be considered on this appeal.

1. Was the failure of appellants to secure the payment of the deficiency judgment by security, to be agreed upon by them and H. B. Jones, such non-compliance with their contract as to release the appellee from its obligation? In their complaint, appellants do not allege that they furnished the bank such security, nor do they allege a legal excuse for not doing so. If the furnishing of such security was a condition precedent to the forbearance of the bank in issuing execution for one year, then, unless such security was furnished, the bank was released from its obligations under the contract. That such security was furnished, or a legal excuse. for their failure to do so, must have been alleged by appellants in their complaint in order to state a cause of action. In ordinary language, that part of the contract which we need to consider was an agreement of appellee to extend the time for payment of the deficiency judgment for one year, on condition that appellants give security for such payment. It is susceptible of no other meaning. The time when such security was to be given was fixed, that is, as soon as the amount of the deficiency judgment was ascertained. Provisions were made for determining the character and sufficiency of such security. Parties were designated to pass upon the same. Contracts should be given a

reasonable construction. We can see in the contract before us no other reasonable meaning than that appellants promised to secure the deficiency judgment, on condition that appellee would not have execution issue for one year. Such promise is the only consideration moving to the appellee. Until appellants complied with the conditions of that promise, they were not in position to restrain appellee from proceeding, in legal manner, to enforce its judgment. To hold otherwise would put it in the power of appellants to refuse arbitrarily to agree upon any security and thereby reap the same benefits they would have derived from compliance with their contract in every particular. The law, logically construed, cannot arrive at such an absurdity. As appellants failed to allege performance on their part of a condition precedent by them to be performed, and failed to allege a legal excuse for its non-performance, their complaint did not state a cause of action, hence, the court below committed no error in dissolving the temporary injunction on motion for judgment on the pleadings. 9 Cyc. 699; Patrick, et al. vs. Colorado Smelting Co., 38 Pac. 236.

Did the court err at the hearing on said motion in rendering judgment for damages against appellants? Regardless of whether or not a court of equity, in the absence of legislative authority, upon dissolving an injunction, has power to enforce the payment of damages in the original action, we think the court erred in assessing damages in this case. The transcript before us shows that no evidence on the question of damages was heard by the court. We cannot conceive how damages could be assessed without taking evidence as to the character and extent of the same. In a contested case, there should be an opportunity given for the cross-examination of witnesses, and for the presentation of counter testimony. A hearing as to damages sustained by the issuance of an injunction, on the dissolution of the same, has all the elements of the trial of an issue raised by the pleadings. Nothing should be allowed as damages which are not the actual, natural and proximate results of the wrong committed. Clearly, this

·could not be determined without the hearing of evidence in the manner above indicated. "Where damages are as-·sessed by the court upon the dissolution of an injunction, there must be evidence supporting such assessment. ·The record must show the evidence upon which the court as-·sessed the damages, especially where there is no such find-ings of fact in the decree as will dispense with the necessity ·of preserving the evidence. There is no presumption in such cases to aid the omission of the evidence from the record." 16 A. & E. Enc. Law, 461.

We, therefore, amend the decree of the lower court by striking therefrom the judgment against appellants for ·damages; without prejudice, of course, to a proper action ·on the bond, and as so amended, the same is hereby affirm-·ed, and, IT IS SO ORDERED.

### SYLLABUS BY THE COURT.

