[No. 1809, January 15, 1916.]
## STALICK v. WILSON.

### SYLLABUS BY THE COURT.

1. Where a cause is at issue and is regularly set for trial, and the defendant has due notice of such fact and fails to appear, he is precluded from raising any question relating to such judgment, not jurisdictional, or the evidence to sustain the same, on appeal.

P. 324

2. Where a complaint is filed in a cause, which later is superseded by an amended complaint, and a judgment is rendered which recites that the "court doth find that the allegations of the complaint are sustained by the evidence," such language will be construed as referring to the amended complaint. **P. 324**

3. Where a defendant moves to strike out a bill of particulars, filed by the plaintiff, which he fails to call to the attention of the trial court, and six months thereafter files an answer which puts the cause at issue, and interposes no objection to the setting of the cause for trial, it will be presumed that he intended to waive his motion to strike the bill of particulars. **P. 325**

4. Where a party seeks relief from a judgment entered at the conclusion of a trial had in his absence, of which he had due and timely notice, he must not only set up facts, in his motion to vacate such judgment, which show that he has a meritorious defense, but he must also give a sufficient reason for his failure to appear and defend the action at the time set for the trial.

**P. 325**

5. Where, upon a final hearing upon an application for a restraining order, the petitioner is present and interposes no objection to the sufficiency of the evidence as to the damages claimed by the defendant, caused by the granting of the temporary order, and does not object to the court assessing damages upon the dissolution of the order, he cannot have the action of the court reviewed upon appeal.

**P. 326**

Appeal from District Court, Bernalillo County; H. W. Raynolds, Judge.

Action by John Stalick against Francis C. Wilson, receiver of the Gallup Electric Light Company. From judgment for plaintiff, defendant appeals. Affirmed.

A. T. HANNETT of Gallup and H. B. JAMISON of Albuquerque, for appellant.

Treasurer of a corporation has no power to bind the corporation by note signed by him, and when done there is no presumption that the same is the act of the corporation.

Sierra Verde Cattle Co. v. Foster, 7 N. M. 650.

Upon appeal from default judgment the sufficiency of complaint is to be considered as upon demurrer in this court.

Dame v. Cochiti Red. & Imp. Co., 13 N. M. 10.

Items of account need not be set forth in a pleading, but party must deliver to adverse party, within ten days after demand, a copy of account or be precluded in giving same in evidence.

Sec. 4149, Code 1915.

Upon application to have attorney's fees taxed as costs burden of making complete proof of the right and the amount is upon party claiming such costs.

5 Standard Encyclopedia of Procedure, p. 931; Sanitary District of Chicago v. Curran, 132 Ill. App. 241; Bennett v. Seattle Electric Co., 56 Wash. 407, 105 Pac. 825.

There was a fatal variance between pleading and proof, in that the sum of $125.00 of amount alleged to be due defendant was shown to be upon a check of a third person if the drawee bank did not pay.

Tucker Mfg. Co. v. Fairbanks, 98 Mass. 104; 10 Cyc. 1044.

After issue joined, judgment cannot be entered on default, but trial must be had as though defendant answered.

Manlove v. Gallipot, 2 Ill. 390; Maddox v. Pulliam, 5 Blackf. 205; Firestone v. Firestone, 78 Ind. 534; Arbuckle v. Bowman, 6 Iowa, 70; Patten v. Hazewell, 34 Barb. 421; Pultz v. Diossy, 53 How. 270.

E. A. MARTIN of Gallup, for appellee.

As to entering of judgment without notice to appellants, see:
Sandell v. Norment, 145 Pac. 259 (N. M.)

The fact that the judgment was entered on Thanksgiving Day is immaterial.
Pickering v. Justice of the Peace, 113 Pac. 619 (N. M.)

Where damages are incidental to the primary relief asked for, same may be awarded by court without intervention of a jury.
Mogollon Golden Copper Co. v. Stout, 14 N. M. 245.

## OPINION OF THE COURT.

ROBERTS, C. J.—Appellee sued appellant in the court below for $165 and interest thereon from July 4, 1903. To the original complaint, appellant interposed a demurrer, whereupon appellee filed an amended complaint which appellant concedes stated a cause of action. Upon demand a bill of particulars was filed by appellee. Thereafter, appellant filed a motion to strike the bill of particulars from the files, and, without standing upon said motion and procuring a ruling thereon, appellant filed an answer denying the material allegations of the amended complaint, and the cause was regularly and properly set for trial on the 26th day of November, 1914, of which fact appellant's attorney had ample notice. On said day appellant and his said attorney failed to appear. Appellee introduced his evidence, and judgment was rendered in his favor for the full amount claimed by him, together with interest thereon from the 4th day of July, 1908.

The record shows that prior to the trial both parties appeared in open court and waived trial by jury. The cause was tried in open court, and judgment was entered immediately upon the conclusion of the trial. On the next day appellant filed a motion to set aside the judgment on two grounds: First, that there was a motion undisposed of; and, second, that said cause was improperly placed

upon the trial docket before the same was at issue. This motion was overruled by the court. Later a second motion was filed to set aside the judgment, which appellant characterized as a "default judgment," on the ground that he had a meritorious defense to the same, but the facts constituting the defense were not alleged, neither were any facts stated which excused his failure to appear at the trial.

From the record it appears that an execution had been issued upon the judgment, placed in the hands of the sheriff, and that he was proceeding to levy upon the property of the appellant. Thereupon appellant filed a petition, entitled in the same cause setting up the fact that the sheriff was about to levy upon and sell the property of the appellant to satisfy the said judgment and asking that he be restrained from levying said execution until the motion to set aside the judgment was disposed of.

The court issued a temporary restraining order, without requiring appellant to execute a bond to indemnify appellee, and thereafter, upon a final hearing, dissolved said order, overruled the motion to set aside the judgment, and entered judgment for appellee against appellant for $114, in addition to the costs already taxed in the cause. The sum of $114 was made up of two items, viz.: $39 actual traveling expenses of plaintiff and his attorney in attending the hearing upon the injunction proceedings, and $75 for attorney's fees, which the court found to be a reasonable fee for plaintiff's attorney in attending the final hearing upon said order. From this judgment appellant prosecutes this appeal.

[1, 2] It is very questionable whether the original judgment is before the court for review, as it might reasonably be held that the appeal was only from the last order entered, refusing to set aside the judgment, quashing and setting aside the injunctive order and entering judgment against appellant for $114. Nevertheless, if we assume that the first judgment entered is properly here for consideration, no question relating to the judgment not jurisdictional will be considered, as appellant did not

Stalick v. Wilson, 21 N. M. 320.

attend at the trial and preserved no exceptions to any ruling of the court. The amended complaint stated a cause of action. It is true, the judgment recited that the court "doth find that the allegations of the complaint are sustained by the evidence," but the amended complaint superseded the original complaint, and the natural construction would be that the judgment referred to the amended complaint.

"A judgment should be so construed as to give effect to every word and part of it, including such effects and consequences as follow by necessary legal implication from its terms, although not expressed; and where there are two possible interpretations, that will be adopted which makes the judgment harmonize with the facts and law of the case and be such as ought to have been rendered, which brings it within the authority and jurisdiction of the court, and which renders it the more reasonable, effective, and conclusive." 23 Cyc. 1101.

[3] The next question is presented by the first motion filed to set aside the judgment. The grounds upon which this motion was predicated have already been stated. The court properly overruled the motion, for appellant, by filing an answer to the amended complaint, might be held to have waived its motion to strike the bill of particulars which it had theretofore filed. Its answer put the cause at issue, and it interposed no objection to the cause proceeding to trial on the ground that this motion had not been disposed of, nor does it appear that the motion was ever called to the attention of the court, although it was filed more than six months before the answer was filed. The court properly overruled the motion.

[4] The second motion filed set forth no reason whatever excusing the failure of appellant and his attorney to appear at the time set for the trial of the cause. It simply recited that appellant had a meritorious defense. This was not sufficient.

"A defendant seeking to be relieved against a judgment taken against him through his 'mistake, inadvertence, surprise, or excusable neglect,' or 'unavoidable casualty or misfortune,' or other statutory grounds must show a good excuse for failure to defend himself at the proper time; it is

not enough that he has a meritorious defense to the action; he must give a sufficient reason for the omission to plead it in due season." 23 Cyc. 930.

[**5**] This brings us to a consideration of the action of the court in awarding appellee $114, costs and attorney's fees in defending the injunction proceedings, which both parties assume were properly instituted in the same cause; hence we will so treat the application. It is here claimed that there was no proof sustaining the allowance, and that the court was without power to make the allowance in this case, citing the case of McCoy et al. v. Torrance County Savings Bank, 19 N. M. 422, 144 Pac. 283. Neither question, however, is properly here for consideration. Appellant interposed no objection to the action of the court in proceeding to determine and assess damages in the cause, nor did it object on the ground that appellee did not testify to the items making up the estimate of damages. The record shows that Mr. Martin, one of the attorneys for the appellee, handed to the court an itemized statement of the expenses incurred by appellee; that appellee, Stalick, was present, and "who was tendered as a witness by the plaintiff as to the correctness of said items, as to the matter of said expenses, and Mr. Hannett said that he did not care to cross-examine him." The record then shows that the court announced that he would render judgment for the amount above stated, and then proceeds: "Mr. Hannett thereupon excepted to the judgment and announced that he would appeal and file a supersedeas bond." Appellant should have stated specifically the ground of his objection, so that the trial court could have obviated the error, if any existed.

"When an objection is made, the trial court and opposing counsel are entitled to know the ground on which it is based, so that the court may make its ruling understandingly, and so that the objection may be obviated if possible; and therefore, as a general rule, objections, whether made by motion or otherwise, and whether to the pleadings, to the evidence, to the instructions or failure to instruct, to the argument of counsel, to the verdict, findings or judgment, or to other matters, must, in order to preserve questions for review, be specific and point out the ground or grounds relied upon, and a mere general objection is not sufficient." 3 C. J. 746.

Under the rule above stated, which is approved by practically all of the courts, it is apparent that appellant is not entitled to have these questions reviewed.

The judgment will be affirmed; and it is so ordered.

HANNA and PARKER, J.J., concur.

SYLLABUS BY THE COURT.