272 P.2d 326

**PILLSBURY et al.**

v.

**BLUMENTHAL et al.**

No. 5756.

Supreme Court of New Mexico.

June 17, 1954.

Rehearing Denied July 13, 1954.

· Merritt W. Oldaker, Roy F. Miller, Jr., Albuquerque, for appellants.

Allen M. Tonkin, John E. Hall, Joseph T. Cole, Jr., Albuquerque, for appellees.

COMPTON, Justice.

Appellees, plaintiffs below, instituted this action for damages for breach of contract. The complaint charges that appellants failed to properly complete the construction of a residence according to the terms of the contract. Issue was joined by general denial and the following special defenses were asserted: (a) the complaint failed to state a claim upon which relief could be granted; (b) that arbitration was a condition precedent to any right of action; (c) acceptance of the work by appellees constituted a waiver; and (d) appellees' failure to mitigate the damages. From an adverse judgment, appellants are here asserting error.

The trial court made the following findings:

"1. That under date of January 21, 1947, the plaintiffs, Mary Elizabeth Pillsbury and Videl Hudler, as owners, entered into a written contract with the defendants E. H. Blumenthal, Jr. and Carlyle G. Blumenthal, d/b/a Blumenthal Brothers' Construction Company, as contractors, whereby said defendant-contractors would construct a residence for said plaintiffs as 125 Bergquist Drive, Albuquerque, New Mexico.

"2. Under the terms of said contract, the defendants agreed, among other things, to furnish all materials, skill and judgment necessary for the proper construction and completion of the house in question. In effect, they agreed to construct the house with good materials and in a workmanlike and skillful manner. They also understood that the entire matter was being left in their hands and that a relationship of trust and confidence existed between the parties.

"3. That by the terms of said contract the defendant-contractors agreed to bear the cost because of any defective work.

"4. That as provided by said contract and under date of February 22, 1947, said defendant-contractors, together with their surety, the defendant United States Fidelity and Guaranty Company, executed and delivered to said plaintiffs a performance bond in the amount of $13,500.00, guaranteeing the faithful performance of said contract.

"5. That the plaintiffs have performed all of the conditions of said contract required of them to be done.

"6. That the plaintiffs have paid all sums required by them to be paid, the

last payment having been made as of July 27, 1947.

"7. The defendants breached said agreement in that they did not construct said house with proper materials or in a workmanlike and skillful manner. The house is cracked from one end to the other and in every room. These cracks are caused by defects in the structure as well as by the use of green lumber and blocks.

"8. The following defects were caused by the defendants' failure to comply with the terms of the contract:

(a) There is one crack through the entire wall in the southwest corner of the building and another crack through the wall in the northwest corner. You can see in and out of the building through these cracks. It will cost $300 to repair them.

(b) There are cracks in all of the other rooms that will have to be patched and then all of the rooms will have to be repainted at a cost of $500.00.

(c) Because of the uneven settlement of the foundation and use of inferior lumber, the floors are not level and have buckled in spots and will have to be leveled, sanded and refinished at a cost of $350.00.

(d) Because of the settlement and use of inferior lumber the doors are warped and will not close and will have to be repaired at a cost of $150.-00.

(e) The windows and garage roof were not properly installed and as a result it will be necessary to sand, putty and complete caulking of the windows and puttying of the exterior trim and also to properly repair the garage roof at a cost of $175.00.

(f) The cement slab in front of the house is cracked and not properly finished which will cost $25.00 to repair.

"9. The plaintiff never accepted or waived said breaches of the contract by the defendants.

"10. That the plaintiffs have done nothing that caused or contributed to the defects or omissions complained of and above found to exist."

The court concluded that appellees had been damaged in the amount of $1,500 and entered judgment accordingly.

It is first argued that a demand to arbitrate and the filing of notice thereof with the architect and contractors is a condition precedent to the bringing of the action. The contract provides that the contractors should furnish a performance bond which was done by appellant, United States Fidelity and Guaranty Company. The terms of the bonds furnished by it provide that

unless the building contract is executed upon The Standard Documents of The American Institute of Architects, all disputes, claims and questions arising under the contract shall be subject to arbitration in accordance with the provision of article 40 of the general conditions of the contract for the construction of buildings contained in the Fifth Edition of such Standard Documents. Article 40, referred to, in part reads:

"Art. 40. Arbitration:—All disputes, claims or questions subject to arbitration under this contract shall be submitted to arbitration in accordance with the provisions, then obtaining, of the Standard Form of Arbitration Procedure of The American Institute of Architects, and this agreement shall be specifically enforceable under the prevailing arbitration law, and judgment under the award rendered may be entered in the highest court of the forum state or federal, having jurisdiction. It is mutually agreed that the decision of the arbitrators shall be a condition precedent to any right of legal action that either party may have against the other.

"The Contractor shall not cause a delay of the work during any arbitration proceeding, except by agreement with the owner.

"Notice of the demand for arbitration of a dispute shall be filed in writing with the Architect and the other party to the contract. If the arbitration is an appeal from the Architect's decision, the demand therefor shall be made within ten days of its receipt, in any other case the demand for arbitration shall be made within a reasonable time after the dispute has arisen; in no case, however, shall the demand be made later than the time of final payment, except as otherwise expressly stipulated in the contract."

The authorities are in accord that parties may agree to make arbitration a condition precedent to suit, McCoy and Dunlavy v. Torrance County Sav. Bank, 19 N.M. 422, 144 P. 283, but the burden in this instance was upon appellants to establish such affirmative defense by showing a complete and enforceable arbitration agreement. Perhaps the Standard Form of The American Institute of Architects makes adequate provisions for arbitration; however, it was not offered in evidence nor considered by the trial court. In such case it cannot be considered on appeal.

It is asserted the court erred in denying the motion to dismiss the complaint for failure to state a claim upon which relief can be granted. In a deter-

mination of this question the complaint must be construed in a light most favorable to appellees and with all doubts resolved in favor of its sufficiency. Michelet v. Cole, 20 N.M. 357, 149 P. 310; State ex rel. Burg v. City of Albuquerque, 31 N.M. 576, 249 P. 242; In re Trigg, 46 N.M. 96, 121 P.2d 152; In re Morrow's Will, 41 N.M. 723, 73 P.2d 1360; Parker v. Beasley, 40 N.M. 68, 54 P.2d 687; Leimer v. State Mutual Life Assurance Co., 8 Cir., 108 F.2d 302. While the complaint may be subject to criticism but as against a motion to dismiss, it is sufficient. It alleges the contractors failed to properly complete the work, a violation of the rights of appellees, damages resulting therefrom and a demand for relief. Had appellants entertained any misgivings as to the claim asserted, motion to make more definite and certain was available to them.

In Michelet v. Cole [20 N.M. 357, 149 P. 312], supra, we held:

"An objection to a complaint, or a cross-complaint, that it does not state facts sufficient to constitute a cause of action is good only when there is a total failure to allege some matter which is essential to the relief sought, and is not good when the allegations are simply incomplete, indefinite, or statements of conclusions of law or fact."

The sufficiency of the pleading was sustained in State ex rel. Burg v. City of Albuquerque, supra [31 N.M. 576, 249 P. 247], in the following language:

"In testing the sufficiency of the writ, as aided by the answer, to state a cause of action, we should not overlook the established rule that a complaint is to be held good unless there is failure to allege some matter essential to the relief. It is not to be held insufficient because of incompleteness or indefiniteness of its allegations or because it states conclusions."

It is further argued that acceptance of the work by the owners bars any subsequent action for breach of the contract. It is generally held that acceptance by the owner of work done under the construction contract constitutes a waiver of subsequent actions against the contractor or his bond for breach of the contract but this rule has its exception where defects are latent and are not reasonably discoverable by inspection. When appellees accepted the work and took possession there were no apparent defects, except minor defects deemed unimportant by them; but the defects complained of both in workmanship and material were hidden and became apparent subsequently. These defects are reflected by the testimony of the witness Burk, an architect, who testified:

"Q. Mr. Burk, explain to the Court in a general way what condition you found the premises to be in on the first visit there? A. On the first visit I made to that residence I found that—

"The Court: Was that in 1947? A. Yes, I found that there were innumerable cracks in the building proper, that the condition of the flooring was one that I would say certainly was not acceptable condition for new flooring. There had been excessive leaking about the windows. There were some windows apparently should have been installed on the back porch, which the work was not completed. There was a crack in the slab in front of the building, and there were some patches of the exterior of the building that needed completion, paint that didn't match the existing color. I believe to be specific about cracks I would say that in the southwest bedroom was the worst crack, and at that time I examined that crack by examining the building inside and out, and under the floor, I found the crack to continue completely through the foundation wall and total vertical height of the building. Examination of the method of installation of windows showed that it was contrary to the recommendations of the manufacturers of such sash, and the general finish condition of the interior painting was of an inferior class according to high standards.

"Q. Do you remember offhand the nature of your recommended repairs and their costs? A. I think I recommended that the footing condition of that southwest corner of the building would have to be examined and the building would have to be jacked and shored into place, and suitable footing placed under it with associated repairs. Many plaster and stucco repairs would have to be made. The window stucco would have to be removed and installed under the sash rather than against the sash to prevent continued leaking. I recommended removal and replacement of the flooring. I think I recommended refinishing the front slab, refinishing of some interior trim. I think the order of that amount was around $1,800.00."

The alleged failure of appellees to mitigate the damages is assigned as error. In this respect it is the duty of a party to use reasonable diligence to mitigate damages about to be suffered from a breach of contract. Appellants do not point out how the damages could have been mitigated. Nevertheless, they do say that had appellees patched the cracks with plaster, additional cracks might have been pre-

vented. This is pure speculation and such speculative, uncertain and contingent possibilities cannot be taken into consideration in mitigation of damages. In response to a question by the court the witness Ellis responded:

"The Court: If you have a crack clear through the wall from the top to the bottom, then the foundation is what usually causes that? A. That is what I was explaining on the other. It is settlement of the building. The average plaster is five-eights of an inch, and it will only carry its own weight, no part of the weight of the building. * * *."

Other points are urged for a reversal but these challenge the sufficiency of the evidence to support the finding and it would serve no beneficial purpose to discuss the facts further. However, from our examination of an 800 page record, we are satisfied the findings are substantially supported.

The judgment should be affirmed, and it is so ordered.

McGHEE, C. J., and LUJAN and SEYMOUR, JJ., concur.

SADLER, J., absent from the state, did not participate.