319 P.2d 1069

In the Matter of the ESTATE of Robert B. REILLY, Deceased.

In the Matter of the ESTATE of Ivan R. SPONG, Deceased; Rolando J. Matteucci, Administrator, Appellant.

Dale B. WALKER, Administrator of the Estate of Robert B. Reilly, Deceased, Plaintiff-Appellant,

v.

Rolando J. MATTEUCCI, Administrator of the Estate of Ivan R. Spong, Deceased, Defendant-Appellee, and Cross-Appellant.

No. 6199.

Supreme Court of New Mexico.

Nov. 25, 1957.

Rehearing Denied Jan. 24, 1958.

Keleher & McLeod, Nordhaus & Moses, Albuquerque, for appellant.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, for appellee.

FRED J. FEDERICI, District Judge.

The first point presented in this consolidated appeal is whether or not the Probate Court of Bernalillo County had jurisdiction to appoint an administrator for the estate of one Ivan R. Spong, who died in Bernalillo County, New Mexico on February 19, 1955 in an airplane crash while piloting the aircraft for Trans World Airlines, Inc., who was the common carrier, and said airplane was operating on a regular schedule transporting paying passengers. The airplane was owned by Trans World Airlines, Inc., a foreign corporation registered in New Mexico. At the time of his said death the said Ivan R. Spong was a non-resident of the State of New Mexico, and had no mansion, house, or place of abode in the State of New Mexico, nor was he possessed of any lands in the State of New Mexico, nor did he leave any personal estate at the scene of the airplane crash in the Sandia Mountains in Bernalillo County, New Mexico, or elsewhere in said County or State. However, at the time of death the said Ivan R. Spong was covered under a certain policy of casualty insurance written in the name of Great American Indemnity Company, which policy was purchased by and carried by the said Trans World Airlines Inc., under the terms of which the Great American Indemnity Company agreed to exonerate and indemnify the said Ivan R. Spong for any judgment rendered against him by reason of his negligent operation of an airplane while in the employ of the said Trans World Airlines, Inc. Under the terms of said policy issued to Trans World Airlines, Inc. the said Great American Indemnity Company agreed to defend said Ivan R. Spong, or his administrator, in any action for damages resulting from negligent operation of

aircraft by said Ivan R. Spong in the employ of said Trans World Airlines, Inc., which might be brought in the Courts of the State of New Mexico against the said Ivan R. Spong, or his administrator. On the date of appointment of the New Mexico administrator of the estate of Ivan R. Spong, more than twenty days had elapsed since the death of Ivan R. Spong, and on said date no administrator of the estate of Ivan R. Spong had been initiated in the State of New Mexico or elsewhere. Ivan R. Spong died intestate. The administrator appointed in Bernalillo County was and is a resident of Albuquerque, Bernalillo County, New Mexico, and is otherwise qualified to act in that capacity. The widow of decedent, Ivan R. Spong, was appointed administratrix of Ivan R. Spong's estate by the Probate Court of Johnson County, Kansas, the residence of the deceased prior to his death, which appointment was subsequent to the appointment of the New Mexico administrator in Bernalillo County.

Obviously the New Mexico administrator was appointed patently for the purpose of bringing suit against the pilot's estate by the administrator, or administrators, of a passenger, or passengers, of the airplane, who likewise died in the same airplane crash with Pilot Ivan R. Spong, said action or actions being suits for damages resulting from the alleged negligent operation of the aircraft by said Ivan R. Spong as pilot thereof.

This Court in construing § 31–1–3, N. M.S.A. 1953 Compilation in Miller v. Stiff, 62 N.M. 383, 310 P.2d 1039, 1041, sustained the jurisdiction of appointment of an administrator under similar circumstances in Chaves County, and held that the right of indemnity under a liability policy issued to a non-resident deceased motorist constituted an asset of the estate of said deceased motorist and was sufficient to support the appointment of an administrator for the estate of the motorist in the county in which he died following an automobile collision, even though no judgment had been recovered against the motorist's estate so as to make the right of indemnity a debt. The Supreme Court concluded:

"Our statute by its most literal reading does not seem to make the existence of assets, in the sense urged by the defendant, a jurisdictional requirement under the present circumstances; but if assets are required under reasonable construction, then an asset does exist in this state."

■ Accordingly the Probate Court of Bernalillo County had jurisdiction to appoint an administrator for the estate of Ivan R. Spong, deceased, under the circumstances in this case.

After the appointment of the administrator in the Probate Court of Bernalillo County, an action was filed in the State District Court of Bernalillo County by the

administrator of the estate of one of the deceased passengers of the crashed airplane against the administrator of the estate of the Pilot of said airplane, Ivan R. Spong, predicated upon the alleged negligent operation of the airplane by the pilot Spong. The action was filed by the plaintiff therein under the general New Mexico wrongful death statute, § 22–20–1, N.M.S.A. 1953 Compilation, which statute provides as follows:

"*22–20–1. Death by wrongful act or neglect—Liability in damages.*— Whenever the death of a person shall be caused by the wrongful act, neglect or default of another, although such death shall have been caused under such circumstances as amount in law to a felony, and the act, or neglect, or default, is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which, would have been liable, if death had not ensued, shall be liable to an action for damages, notwithstanding the death of the person injured."

It will be noted that the foregoing statute sets out no limitation of liability.

To this action a legal defense was interposed that in such a case an action could only be filed under § 22–20–4, N.M.S.A. 1953 Compilation which at the time pertinent to this action provided as follows:

"*22–20–4. Death caused by railroad, stage coach or public conveyance—Action for damages—Defense.*—Whenever any person shall die from any injury resulting from, or occasioned by the negligence, unskillfulness or criminal intent of any officer, agent, servant or employee, whilst running, conducting or managing any locomotive, car, or train of cars, or of any driver of any state (stage) coach or other public conveyance, while in charge of the same as driver; and when any passenger shall die from injury resulting from, or occasioned by any defect or insufficiency in any railroad, or any part thereof, or in any locomotive or car, or in any stage coach, or other public conveyance, the corporation, individual or individuals, in whose employ any such officer, agent, servant, employee, engineer or driver, shall be at the time such injury was committed, or who owns any such railroad, locomotive, car, stage coach, or other public conveyance, at the time any injury is received, resulting from, or occasioned by any defect or insufficiency above declared, shall forfeit and pay for every person or passenger so dying, the sum of ten thousand dollars ($10,-000), which may be sued and recovered; first, by the husband or wife

of the deceased; or second, if there be no husband or wife, or if he or she fails to sue within six (6) months after such death then by the minor child or children of the deceased; or third, if such deceased be a minor and unmarried, then by the father and mother; or fourth, if the deceased be over twenty-one (21) years of age and unmarried, by a dependent father or mother or dependent brother or sister, who may join in the suit; and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor. In the event there are no such persons entitled to sue or in the event suit is not brought by any such persons within nine (9) months after such death, suit may be brought by the personal representative or representatives of such deceased person."

It will be noted that the foregoing section was subsequently amended by the legislature, Chapter 270, N.M. Session Laws of 1955, to remove the limitation of liability applicable to common carriers.

The next proposition therefore presented for determination by this Court is whether in an action such as this a plaintiff may file the same under the provisions of § 22-20-1, supra, or whether plaintiff's remedy is limited to the provisions of § 22-20-4, supra, in effect at the time pertinent to this action and prior to the subsequent amendment above referred to.

The first answer to this proposition must resolve itself under the assignments of error as to whether the passenger carrying TWA airplane in question is a "stage coach, or other public conveyance" within the meaning of § 22-20-4, supra.

■ It is our view and we so hold that common carriers by air are included along with other common carriers within the term "other public conveyance" contained in § 22-20-4, supra. Suffice it to quote only from one case in support of our conclusion, being the case of Cain v. Bowlby, 10 Cir., 114 F.2d 519, 522, wherein the Federal Circuit Court, speaking through Judge Bratton, reviewed the history of this statute since the time of its enactment in 1882, and held that the general language "or other public conveyance" included a truck engaged as a common carrier of freight, although the express term "truck" was not used in the statute, and the Circuit Court said:

"But the statute is *prospective in character and comprehensive in scope* in respect of the recovery of damages for death resulting from tort in the operation of locomotives, cars, stage-coaches or other public conveyances. And it is a general rule in the construction of statutes that legislative enactments in general and comprehensive terms, *prospective in operation,* apply to persons, subjects and business within their general purview and scope,

*though coming into existence after their passage,* where the language fairly includes them." (Emphasis ours.)

We see no reason to disagree with the above holding, nor do the facts in this case warrant a different conclusion.

See also the earlier case of Mallory v. Pioneer Southwestern Stages, 10 Cir., 54 F.2d 559 where the same Federal Circuit Court had likewise reviewed this statute and said that a motor bus engaged in the transportation of passengers for hire was a public conveyance within its meaning, and that although motor buses were unknown at the time the statute was enacted the Court manifestly concluded that they fairly came within its scope.

It might also be noted that by statute New Mexico recognizes that an air line company engaged regularly in the transportation of persons and property for hire between points within the state and from a point within this state and return thereto, is a common carrier. § 44-1-6, N.M. S.A.1953 Compilation.

We hold therefore that common carriers by air are included along with other common carriers within the term "other public conveyance" contained in § 22-20-4.

Since from the express language of § 22-20-4, supra, an action thereunder is limited to recovery only from the employer common carrier, in this case TWA, no re-

covery thereunder may be had against the pilot who may be in charge of the airplane "public conveyance", as driver. In the case of an airplane the terminology is "pilot", which means the same thing as "driver" for all practical as well as legislative purposes.

Of course here plaintiff is not proceeding under § 22-20-4, supra, against the pilot, but rather under § 22-20-1, supra, seeking a personal judgment against the pilot alone based on his alleged negligence.

Since in cases such as this § 22-20-4, supra, limits recovery only as against the common carrier, is this none the less the *exclusive statute* under which an action may be prosecuted for wrongful death allegedly caused by the negligence of a pilot in charge of this airplane which we hold is a "public conveyance"?

We believe the question has been answered by the Federal Circuit Court of this District in Tilly v. Flippin, 10 Cir., 237 F.2d 364, 366, in which the Court said:

"* * * the implications of the decision by the New Mexico courts, and by this court, lead to the conclusion that the remedy provided for in § 22-20-4 is an exception to the general death statute and is exclusive when death is caused under facts bringing the cause within that section. Apparently the New Mexico Bench and bar

have construed the section as the trial court did. * * *.

"While none of these cases directly involve the right to sue a negligent driver of a common carrier vehicle, it is manifest in each that when death is caused under a factual situation which brings the case within the special provisions of § 22–20–4, the remedy provided therein is exclusive. * * * To construe the statute otherwise would permit a double recovery for the same death and might well under the doctrine of respondeat superior require a driver-employee to pay twice. * * *"

We see no reason to disagree with the above holding of the Federal Circuit Court in which the opinion was filed September 12, 1956. It will be noted that before this opinion was handed down by the Federal Circuit Court the legislature amended § 22–20–4, supra, in the 1955 session of the legislature, Chapter 270, approved March 30, 1955, so as to remove the limitation of liability applicable to common carriers under that section.

Whether § 22–20–1, supra, provides for the survival of the common law negligence action or creates a new cause of action is of no consequence in the determination of this case, and we hold that § 22–20–4, supra, is the exclusive statutory remedy available to plaintiff under the facts in this case.

One more proposition is raised by appellant in his brief, for the first time, and that is that the construction of the statutes approved by the District Court would grant immunity to a person primarily responsible for an unlawful death and would consequently violate certain constitutional provisions.

A ruling by the District Court on this constitutional proposition was not invoked and is not therefore subject to review here. See Danz v. Kennon, 63 N.M. 274, 317 P.2d 321, in which opinion this court said:

"As to the question, appellants did not invoke a ruling by the trial court, so it is not one for review. None but jurisdictional questions may be raised here for the first time."

See also Supreme Court Rule 20(1), and also Pillsbury v. Blumenthal, 58 N.M. 422, 272 P.2d 326.

The judgments in the consolidated cases should be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, McGHEE and COMPTON, JJ., concur.