This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KRIS DIEPHOLZ,**

   Plaintiff-Appellant,

**v.**                                                    No. 30,266

**PARK PLAZA,**

   Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Alan M. Malott, District Judge**

Kris Diepholz
Albuquerque, NM

Pro Se Appellant

O'Brien & Ulibarri PC
Daniel P. Ulibarri
Albuquerque, NM

for Appellee

**MEMORANDUM OPINION**

**SUTIN, Judge.**

Plaintiff appealed, pro se, from the district court's order awarding Plaintiff $750 in compensatory damages and $3,500 in attorney fees. On appeal, Plaintiff contends that the district court erroneously concluded that Plaintiff failed to mitigate his damages, and that the district court erred by not considering the billing statement submitted by Plaintiff's attorney in determining the amount of attorney fees to be awarded. This Court issued a calendar notice proposing to affirm. Plaintiff has filed a memorandum in opposition which we have duly considered. As we remain unpersuaded, we hereby affirm.

**Mitigation of Damages**

Plaintiff claims that the district court improperly reduced his compensatory damage award by $900 for failure to mitigate his damages. In his docketing statement, Plaintiff argued that the district court erred in offsetting Plaintiff's damages for his failure to mitigate, because Defendant did not raise the issue in its pleading as an affirmative defense or in the pretrial order. In this Court's notice of proposed disposition, we proposed to conclude that Defendant had met its burden of raising mitigation of damages as an affirmative defense in its answer and in the pretrial order. *See Acme Cigarette Servs., Inc. v. Gallegos*, 91 N.M. 577, 580, 577 P.2d 885, 888 (Ct. App. 1978) ("Mitigation of damages . . . is an affirmative defense which the defendant must plead, and the burden of proof is on defendant to minimize the damages."

(citation omitted)). Plaintiff does not offer any argument or authority to the contrary on this point in his memorandum in opposition. This Court therefore relies on the reasoning set out in our notice of proposed disposition with respect to this argument. *See N.M. Dep't of Health v. Ulibarri*, 115 N.M. 413, 414-15, 852 P.2d 686, 687-88 (Ct. App. 1993) (recognizing that the party opposing a proposed disposition in a notice must point out error in fact or law in a memorandum in opposition); *State v. Johnson*, 107 N.M. 356, 358, 758 P.2d 306, 308 (Ct. App. 1988) (stating that when a case is decided on the summary calendar, an issue is deemed abandoned where a party fails to respond to the  proposed disposition of the issue).

Plaintiff also argued that the district court improperly relied on his failure to comply with the amelioration efforts the Board had requested and his failure to avail himself of the procedure for reconsideration by the Board. In support of his argument Plaintiff cited *Pillsbury v. Blumenthal*, 58 N.M. 422, 272 P.2d 326 (1954), to argue that the suspension of his right to vote and use of the common areas was completely unexpected and, thus, could not properly be relied on in concluding that Plaintiff failed to mitigate his damages. This Court distinguished *Pillsbury*, on the ground that the testimony in *Pillsbury* was "pure speculation and such speculative, uncertain and contingent possibilities cannot be taken into consideration in mitigation of damages." *Id.* at 429, 272 P.2d at 330. Whereas, here, we proposed to conclude that there was

evidence to support a conclusion that, had Plaintiff complied with the amelioration efforts, Plaintiff's rights would not have been revoked. In opposition to this Court's proposed disposition, Plaintiff continues to argue that his failure to comply with the amelioration efforts cannot be considered in determining mitigation because Plaintiff could not have anticipated that the Board would suspend his rights since they lacked the authority to do so. Plaintiff refers this Court to *Elephant Butte Resort Marina, Inc. v. Wooldridge*, 102 N.M. 286, 694 P.2d 1351 (1985), for the proposition that he had no duty to mitigate an unexpected breach of contract. In *Elephant Butte Resort Marina*, our Supreme Court held that there were "no facts . . . that would indicate that [the plaintiff] should have anticipated the breach *prior* to the . . . letter of repudiation." *Id.* at 292, 694 P.2d at 1357. However, in the present case, while Plaintiff may not have known that the Board would suspend his right to vote and his use of the common areas, Plaintiff should have anticipated that his failure to comply with the amelioration efforts he agreed to would result in unfavorable action by the Board.

Plaintiff argues that the district court also improperly relied on his failure to seek a hearing before the Board after the suspension of his rights in determining that Plaintiff had failed to mitigate his damages. Plaintiff relies on *Collado v. City of Albuquerque*, 2002-NMCA-048, 132 N.M. 133, 45 P.3d 73, in support of this argument. This Court did not decide, in *Collado*, whether the plaintiff, who was

4

challenging his failure to get a promotion after an unfair examination process, had a duty to continue to take additional tests, but held instead that the defendant had not demonstrated that it had "provided adequate opportunities for [the p]laintiff to mitigate his damages." *Id.* ¶ 31. As a result, *Collado* does not provide support for Plaintiff's argument. Here, there has been no challenge as to Plaintiff's opportunity to seek reconsideration of the Board's decision, the challenge relates to Plaintiff's decision not to seek a hearing.

Moreover, to the extent Plaintiff contends that there was no evidence that the Board would have changed its mind, the district court found that it was undisputed that Plaintiff had successfully sought reconsideration by the Board with respect to prior incidents. [RP 267 (¶ 24)] We therefore reject Plaintiff's argument that there was no evidence to support the district court's conclusion that Plaintiff could have successfully sought reconsideration.

We conclude that the district court properly determined that Plaintiff had failed to take reasonable efforts to avoid the damages he suffered and that his award of damages should be offset by the amount attributable to his own conduct. *See Air Ruidoso, Ltd. v. Executive Aviation Ctr., Inc.*, 1996-NMSC-042, ¶ 14, 122 N.M. 71, 920 P.2d 1025 ("It is a well established principle in New Mexico that an injured party has a responsibility to mitigate its damages, or run the risk that any award of damages

will be offset by the amount attributable to its own conduct."); *see also Skeen v. Boyles*, 2009-NMCA-080, ¶ 31, 146 N.M. 627, 213 P.3d 531 ("[M]itigation is designed to discourage persons . . . from passively suffering economic loss which could [have been] averted by reasonable efforts." (alteration in original) (omission in original) (internal quotation marks and citation omitted)). We therefore affirm the district court with respect to this issue.

**Attorney Fees**

Plaintiff contends that the district court erred in awarding Plaintiff only $3,500 in attorney fees. Specifically, Plaintiff contends that the district court erred by rendering its decision on attorney fees before an accounting of Plaintiff's counsel's actual fees had been submitted. As this Court noted in its proposed disposition, "[a]ward of attorney fees rests in the discretion of the trial court and [an appellate] court will not alter the fee award absent an abuse of discretion." *Lenz v. Chalamidas*, 113 N.M. 17, 18, 821 P.2d 355, 356 (1991); *see also Roselli v. Rio Cmtys. Serv. Station, Inc.*, 109 N.M. 509, 512, 787 P.2d 428, 431 (1990) ( "A trial court abuses its discretion when its decision is contrary to logic and reason."). In his docketing statement, Plaintiff relied on *Budagher v. Sunnyland Enterprises, Inc.*, 90 N.M. 365, 563 P.2d 1158 (1977), for the proposition that the district court was required to consider the reasonableness of an attorney fee award. In this Court's calendar notice,

we proposed to conclude that the district court had satisfied its obligation to consider the reasonableness of an attorney fee award by considering the complexity of the case, the range of hours the district court considered were reasonable to spend in prosecuting the case, and the prevailing fees for attorneys similarly situated to Plaintiff's counsel in its letter decision. [RP 228-29] In response, Plaintiff contends that Rule 1-054(E) NMRA states that, when a motion for attorney fees is made, there shall be an opportunity for adversary admissions, and that LR2-302 NMRA permits a motion, possible objections, and a hearing if requested by the objecting party. [MIO 3] Both of these rules permit the party opposing an attorney fee award the opportunity to object and be heard. The opportunity for adversary admissions, objections, and a hearing requested by the objecting party do not apply to Plaintiff as the party moving for an award of attorney fees. Further, to the extent Plaintiff takes issue with the district court's failure to consider the actual fees charged by Plaintiff's attorney, we decline to hold that the district court abused its discretion in reaching its determination on attorney fees where the district court specifically considered the complexity of the case, the range of hours the district court considered were reasonable to spend in prosecuting the case, and the prevailing fees for attorneys similarly situated to Plaintiff's counsel. Accordingly, we affirm the district court's award of attorney fees.

For the reasons stated in this opinion and in this Court's notice of proposed disposition, we affirm.

**IT IS SO ORDERED.**

_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**

_____
**MICHAEL D. BUSTAMANTE, Judge**

_____
**TIMOTHY L. GARCIA, Judge**